**Phillip Lee WRIGHT, Individually and as Executor of the Estate of Sidney Franklin Wright, Deceased, Plaintiffs-Appellants,**

v.

**ALTUS PRODUCTION CREDIT ASSOCIATION et al., Defendants-Appellees.**

No. 72–1103.

United States Court of Appeals, Tenth Circuit.

Oct. 6, 1972.

------

Gerald Weatherly, Dallas, Tex. (Charles W. Ellis, Oklahoma City, Okl., on the brief), for plaintiffs-appellants.

D. Kent Meyers, Oklahoma City, Okl. (Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, Okl., on the brief), for defendant-appellee Altus Production Credit Assn.

No appearances for The First National Bank of Altus, Oklahoma, Marcus W. Wright and Bonita Wright.

Before BREITENSTEIN, McWILLIAMS and BARRETT, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This is an appeal from the district court's dismissal of the action for lack of jurisdiction.

Plaintiffs-appellants sued defendant-appellee Altus Production Credit Association and defendants First National Bank of Altus, Oklahoma, Marcus W. Wright, and Bonita Wright in the United States District Court for the Western District of Oklahoma. Jurisdiction was based on diversity. The complaint alleged that Bank was the escrow agent or stakeholder under certain land sales contracts wherein plaintiffs, Altus, Marcus Wright, Bonita Wright, and others were the sellers. Pursuant to those contracts $41,962.72 was deposited with Bank. Plaintiffs claim absolute ownership of this sum. Demand has been made on Bank for payment and payment has been refused. Plaintiffs pray judgment for the mentioned sum plus $10,490.68 from Altus as a reasonable attorneys' fee recoverable under 12 O.S.A. § 936. Marcus Wright and Bonita Wright disclaimed interest in the fund and sought recovery of their costs. Bank filed an answer admitting that it is an escrow agent or stakeholder and asserting readiness "to disburse the funds held by it in escrow as directed by a Final Order of this Court." Bank sought direction as to whom it should pay and recovery of its costs.

Altus moved that the complaint be dismissed as against it because of lack of jurisdiction over it. The district court sustained the Altus motion and ordered "this Action is Dismissed for lack of Jurisdiction."

Altus is a federally chartered association and is organized under the Farm Credit Act of 1933, 12 U.S.C. § 636 et seq. Section 1138, Title 12 U.S.C., a part of that Act, provides that Production Credit Associations shall have the power to sue and be sued and for the purposes of jurisdiction shall be deemed a citizen of the State or District within which its principal office is located. Altus has its principal office within the Western District of Oklahoma. Section 1138 goes on to provide:

"No district court of the United States shall have jurisdiction of any action or suit by or against any Production Credit Association upon the ground that it was incorporated under this chapter or that the United States owns a majority of the stock in it, nor shall any district court of the United States within the farm credit district served by such association have jurisdiction by removal or otherwise of any suit by or against any such association * * * [certain exceptions not here relevant follow]."

It appears without dispute that the farm credit district served by Altus encompasses the Western District of Oklahoma. The question is the effect of the denial of jurisdiction "by removal or otherwise." Except for this provision, the federal court would have jurisdiction under 28 U.S.C. § 1332(a)(1).

We are aware of only one reported decision considering § 1138, Westark Pro-

duction Credit Ass'n v. Fidelity & Deposit Co. of Maryland, W.D.Ark., 100 F. Supp. 52. That case involved a suit in state court by the association against an insurance company on a fidelity bond. The insurance company removed to federal court which remanded on the ground that under § 1138 it had no jurisdiction. Here, we have an original rather than a removed case.

■ We believe that the language of § 1138 is clear and precludes federal diversity jurisdiction. A different conclusion would delete the words "or otherwise" from the statute. Plaintiffs say that this result deprives them of their Fifth Amendment right to equal protection. They point out that Production Credit Associations are made up of farmers and ranchers who are likely to generate the local prejudice which diversity jurisdiction was designed to protect against. They argue that Production Credit Associations have the power to sue and to be sued; that their citizenship is defined for jurisdictional purposes; that these provisions indicate a congressional intent to permit federal suit; that the legislative history shows such intent; that the jurisdictional restrictions should be taken to forbid removal but not original jurisdiction; and that the statute should be construed to avoid constitutional doubts. See United States v. Jin Fuey Moy, 241 U.S. 394, 401, 36 S.Ct. 658, 60 L.Ed. 1061.

■ Although the Fifth Amendment does not contain an equal protection clause as does the Fourteenth, discrimination may be so unjustifiable as to violate due process. Bolling v. Sharpe, 347 U.S. 497, 499, 74 S.Ct. 693, 98 L.Ed. 884, and Ute Indian Tribe of Uintah and Ouray Reservation v. Probst, 10 Cir., 428 F.2d 491, 498, cert. denied 400 U.S. 926, 927, 91 S.Ct. 189, 27 L. Ed.2d 186. The claimed discrimination is that Altus cannot be sued in federal court whereas others, who do not have the protection of § 1138, can. Except for the constitutional jurisdiction of the Supreme Court, the federal courts derive jurisdiction from Congress which, within constitutional limits, may give, withhold, or restrict such jurisdiction. Kline v. Burke Construction Co., 260 U.S. 226, 234, 43 S.Ct. 79, 67 L.Ed. 226, and Lockerty v. Phillips, 319 U.S. 182, 187, 63 S.Ct. 1019, 87 L.Ed. 1339. Congress passed the law under which Altus was organized and exists. In so doing it restricted federal court jurisdiction. When one does business with Altus, he does so subject to all the statutory impediments relating thereto. The restriction on federal jurisdiction is reasonable and nondiscriminatory.

The reliance on legislative history is misplaced. Where, as here, the language used is clear there is no need to refer to legislative history. Ex parte Collett, 337 U.S. 55, 61, 69 S.Ct. 944, 93 L.Ed. 1207, and Haskell v. United States, 10 Cir., 241 F.2d 790, 792, cert. denied 354 U.S. 921, 77 S.Ct. 1379, 1 L.Ed.2d 1436. The legisative history of § 1138 was reviewed in Westark, supra, and need not be repeated here. We agree with Westark, 100 F.Supp. at 55, that "the legislative history in no wise indicates a congressional intent other than that implicit in the plain language of 12 U.S.C.A. § 1138."

■■ The trial court properly dismissed the case as to Altus because of lack of jurisdiction. The trouble is that it went farther and dismissed the entire action. Inability to sue Altus in federal court does not destroy federal jurisdiction against the other defendants, each of whom made an appearance and raised no jurisdictional question. The case must proceed as to them.

Affirmed in part and reversed in part. Altus shall recover its costs from the plaintiffs-appellants.