Phillip Lee **WRIGHT**, Individually and as Executor of the Estate of Sidney Franklin Wright, Deceased, Plaintiff-Appellant,

v.

The **FIRST NATIONAL BANK OF ALTUS, OKLAHOMA**, Defendant-Appellee.

No. 73–1025.

United States Court of Appeals, Tenth Circuit.

July 30, 1973.

Gerald Weatherly, Dallas, Tex. (Ellis, Frates & Maguire, Oklahoma City, Okl., on the brief), for plaintiff-appellant.

T. G. Braddock, of Ivester & Braddock, Altus, Okl., for defendant-appellee.

Before BREITENSTEIN, McWILLIAMS and BARRETT, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This diversity case is here for the second time. In the first appeal we held that the district court, because of the provisions of 12 U.S.C. § 1138, had no jurisdiction over defendant Altus Production Credit Association, a federally chartered association organized under the Farm Credit Act of 1933, 12 U.S.C. § 636 et seq. See Wright v. Altus Production Credit Association, 10 Cir., 468 F.2d 997. On remand the trial court held that Altus was a necessary party and dismissed the action on the motion of defendant-appellee First National Bank of Altus, Oklahoma. The present appeal is from the order of dismissal.

Plaintiff-appellant Wright sues in his individual capacity and as executor of the estate of Sidney Wright. The complaint alleges that plaintiff, his decedent, Bonita Wright, and Marcus Wright sold Oklahoma land; that defendant Bank holds in escrow approximately $42,000 of the purchase money to which plaintiff is entitled; that Altus, Bonita, and Marcus claim part of that sum; and that Bank refuses to pay. Plaintiff says that a "final computation" of the division of the purchase money was made and a copy thereof was attached to the complaint. Altus is alleged to have "tacitly admitted" that plaintiff is entitled to the $42,-000. The attachment to the complaint shows total sales of $248,250 and, after deduction of expenses and debts, "Net Payment to Wright brothers $41,972.72" and "Total payment to APC $48,660.11."

Bonita and Marcus filed disclaimers. The answer of Bank admits the escrow and says that it "stands ready to disburse the funds held by it as directed by a Final Order of this Court." Altus filed a motion to dismiss because of lack of jurisdiction over it. The district court sustained the motion of Altus and dismissed the action.

On appeal we held that the court had no jurisdiction over Altus. We also held that the failure of jurisdiction over Altus did not destroy federal jurisdiction over the other defendants who had appeared and raised no jurisdictional question, and ordered the case to proceed as to them.

Bank anticipated our November 3, 1972, mandate by filing in the district court on October 19 a motion to dismiss because Altus was an indispensable party. Three days after the filing of the mandate the district court ordered plaintiff to file a brief in five days opposing the motion to dismiss. On November 22, the court entered an order of dismissal.

Rule 19, F.R.Civ.P., provides in its ¶ (a) for joinder if feasible and in its ¶ (b) for determination by the court of action to be taken when joinder is not feasible. A decision to proceed under ¶ (a) is a decision that the absent person is merely "necessary" while a decision to dismiss under ¶ (b) is a decision that the absent party is "indispensable." Provident Tradesmens Bank v. Patterson, 390 U.S. 102, 118, 88 S.Ct. 733, 19 L.Ed. 2d 936.

In its judgment of dismissal the district court found that Altus "is a necessary party to the action." This is not enough to justify dismissal. The

plain wording of ¶ (b) permits dismissal only when a party is indispensable. Accordingly, the dismissal violates the rule and cannot stand.

If the use of the word "necessary" was a mere inadvertence, and nothing shows that it was, the question is whether the other conditions of ¶ (b) have been met. It there says that the court shall determine "whether in equity and good conscience the action should proceed among the parties before it," and in making such determination four factors are to be considered. These are (1) prejudice to the absent party or to those already parties, (2) the lessening or avoiding of prejudice by protective provisions in the judgment, by shaping relief, or by other measures, (3) the adequacy of the judgment which might be entered in the person's absence, and (4) the adequacy of a remedy if the action is dismissed for nonjoinder.

█ The trial court made no determination whether "in equity and good conscience" the case could proceed. It said "complete relief cannot be afforded the remaining parties for all the reasons set out in Rule 19, FRCP; that Plaintiffs have an adequate remedy in State Court upon the dismissal of the Petition in this case; * * *." These conclusionary statements are of no value because the court finds no facts to support them. In Provident Tradesmens Bank v. Patterson, 390 U.S. 102, 119, 88 S.Ct. 733, 743, 19 L.Ed.2d 936, the Court said:

"Rule 19 does not prevent the assertion of compelling substantive interests; it merely commands the courts to examine each controvery to make certain that the interests really exist. To say that a court 'must' dismiss in the absence of an indispensable party and that it 'cannot proceed' without him puts the matter the wrong way around: a court does not know whether a particular person is 'indis-pensable' until it has examined the situation to determine whether it can proceed without him."

As far as the record before us shows, the trial court made no such determination. It did not comply with the rule.

█ Plaintiff argues that when we remanded the case with directions to proceed against the persons over whom the court had jurisdiction, we mandated trial. The point is not well taken. In the first appeal we had no question of indispensability presented.

In briefs and oral arguments the attorneys for the parties referred to matters outside of the record. We do not and will not consider matters not appearing in the record. We do not know whether "in equity and good conscience" the case can proceed in the absence of Altus and the trial court did not tell us why it cannot. The generalizations of the trial court are no substitute for the analysis required by the rule. See Provident Tradesmens Bank v. Patterson, 390 U.S. 102, 124, 88 S.Ct. 733, 19 L.Ed.2d 936. We do not know whether a decree can be written that protects everyone, whether present or absent. Ibid. at 124–125, 88 S.Ct. 733.

It is the function of a trial court to make decisions that may be reviewed understandingly by an appellate court. In the case at bar the trial court failed to perform that function. On remand the parties should each be given an opportunity to make such showing as may be appropriate and proper to the determination of whether in equity and good conscience the case may proceed and in deciding whether to proceed the trial court must give consideration to the facts bearing on the factors mentioned in Rule 19(b) and to the possibility of avoiding prejudice by protective provisions in its judgment.

Reversed and remanded for further proceedings in the light of this opinion.