Maurice S. **KINGSLEY**, Appellant,

v.

Albert J. **BURACK** et al., **Respondents.**

No. 59081.

Supreme Court of Missouri,
En Banc.

April 14, 1976.

William C. Maier, Dubail, Judge, Kilker & Maier, St. Louis, for appellant.

Gideon H. Schiller, Ackerman, Schiller & Schwartz, Clayton, for respondents.

BARDGETT, Judge.

Plaintiff-appellant's action was dismissed by the trial court for failure to join a necessary party and an appeal was taken to the Missouri court of appeals, St. Louis district, where, by opinion, the order of dismissal was affirmed. On application of appellant, the case was transferred here by order of this court because the circuit court's ruling and the court of appeals opinion presented a serious challenge to the scope of S.Ct.Rule

52.04 [1], as amended effective December 1, 1972, Art. V, sec. 9, Mo.Const.1945, as amended. S.Ct.Rule 83.03.

On September 20, 1973, plaintiff-appellant (hereinafter plaintiff) sued defendants alleging plaintiff was the owner of a one-half interest in an apartment complex; that plaintiff entered into an oral contract with his co-owner (unnamed) whereby each co-owner was to supply fifty percent of the purchase price of the complex and each was to receive fifty percent of the rents and profits therefrom; that in June 1973 defendants Buracks, individually and as agents of the Alson Real Estate Co., knowingly and wilfully represented to the tenants of the apartments that they were the authorized managers of the apartments knowing the same to be false, and pursuant to such misrepresentations collected rents from the tenants and deposited same to the account of Alson which money was due to plaintiff; that plaintiff demanded the defendants cease the misrepresentation and remit to plaintiff fifty percent of the rents collected but defendants have wilfully refused to do so; that since June 1973 to date of suit, plaintiff was damaged in the sum of $3,000 per month. Plaintiff prayed judgment for $12,000 plus $3,000 per month from October 1973 until defendants ceased the false representation and punitive damages of $50,000 against each defendant.

On November 27, 1973, defendants filed a verified motion to dismiss denying plaintiff's allegations that he was an individual owning a one-half interest in the apartment complex; that the unnamed co-owner alleged in plaintiff's petition is plaintiff's wife Shirley; that the sole interest of plaintiff in the complex is that of joint tenant, and sought dismissal on the ground that the action could not be maintained without joining plaintiff's wife, the joint tenant, as a necessary party.

On December 6, 1973, the trial court entered the following order: "Defendants' Verified Motion to Dismiss argued, sub-mitted and sustained. Plaintiff granted thirty days within which to join joint tenant as a party plaintiff or defendant, otherwise cause shall stand as dismissed." Plaintiff then appealed the order of dismissal.

Since the verified motion to dismiss was undenied, it constituted competent evidence as to the facts stated therein. *Litzinger v. Pulitzer Publishing Company*, 356 S.W.2d 81, 87[2] (Mo.1962); Rule 55.28.

The verified motion established that the unnamed co-owner was plaintiff's wife and their interest in the premises was that of joint tenants.

We will not undertake to categorize the nature of plaintiff's suit on the record before us as it is not necessary to do so. There have been no motions attacking the petition nor any responsive pleadings filed. The only motion filed by defendants sought dismissal for failure to join the co-owner joint tenant. It appears that the case was dismissed solely for failure to join the co-owner.

Plaintiff contends the trial court had no authority to dismiss for nonjoinder under Rule 52.06, entitled "Misjoinder and Nonjoinder of Parties", which provides:

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

The substantive provision of 52.06 prohibits dismissal for *misjoinder*. It does not prohibit dismissal for nonjoinder. The word "nonjoinder" appears in the title because the rule, in part, provides that parties may be *added* by order of court on motion of a party or on the court's own initiative. If a party is to be *added*, it is obvious that such party was not a party under the original pleadings—not having been joined (nonjoinder) in the original petition. Rule 52.06,

1. Rule references are to Missouri Rules of Court 1976 and V.A.M.S.; the numbers were in effect during pendency of this action.

therefore, does not, in itself, either authorize or prohibit dismissal for nonjoinder.

Plaintiff cites *Mercantile Trust Company v. Chase Hotel, Inc.,* 510 S.W.2d 807 (Mo. App.1974). There the circuit court dismissed a two-count petition on three grounds, one of which was failure to join a defunct corporation as a defendant. In the opinion the court of appeals held, inter alia, that misjoinder is not a ground for dismissal citing Rule 52.06 which is, of course, correct, and after ruling on other issues reversed and remanded for further proceedings. It appears from the factual statement that the case involved nonjoinder rather than misjoinder, and so Rule 52.06 was probably not the applicable rule, but the other and more important issues upon which the decision of the court of appeals was based make it clear that the result reached was correct and would have been the same even if the court had considered the joinder issue under Rule 52.04 rather than Rule 52.06.

The point is overruled.

■ Rule 55.27(a)(7) provides that a party may raise by motion or responsive pleading failure to join a party under Rule 52.04. When the issue is whether the suit should proceed or be dismissed for failure to join a person as a party (nonjoinder), Rule 52.04 is the procedural rule which controls the matter.

Rule 52.04 provides:

(a) *Persons to be Joined if Feasible.* A person shall be joined in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant.

(b) *Determination by Court Whenever Joinder not Feasible.* If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent party being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

(c) *Pleading Reasons for Nonjoinder.* A pleading asserting a claim for relief shall state the names, if known to the pleader, of any persons as described in subdivisions (a)(1)–(2) hereof who are not joined, and the reasons why they are not joined.

(d) *Exception of Class Actions.* This rule is subject to the provisions of Rule 52.08.

The record in this case does not show the basis upon which the trial court dismissed the action other than in a conclusionary sense—failure to join plaintiff's wife Shirley as a plaintiff or defendant. Nor does it reveal that the trial court considered the matter upon the criteria set forth in Rule 52.04.

Defendants seek to uphold the trial court's dismissal upon the basis that plaintiff and his wife are joint owners of the apartment complex; that the nonparty joint tenant is, therefore, a "necessary" party and, consequently, and as a matter of law, an indispensable party. This position is arrived at by restricting the consideration to be given to the issue of dismissal under

Rule 52.04 for nonjoinder to the conceptual aspects of a joint tenancy. Defendants' position disregards the pragmatic approach required by the rule and equates "necessary" with "indispensable". The rule proceeds on the basis that a person may be conceptually necessary but nevertheless allows the suit to proceed unless the absent party is pragmatically indispensable in the particular case. Whether or not a person is an indispensable party must be determined by applying the criteria of the rule, and the finding of indispensability is the end result—not the starting point.

Rule 52.04 is virtually the same as Rule 19 F.R.Civ.P. with references to jurisdiction and venue eliminated. The identifications of the comparable paragraphs and phrases of both rules by number and letter are also the same which makes comparison between the two a bit easier. Rule 19 F.R.Civ.P. was adopted by the United States Supreme Court in February 1966, effective July 1, 1966. In 1968, about five years before Rule 52.04 became effective in Missouri, the United States Supreme Court decided *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 88 S.Ct. 773, 19 L.Ed.2d 936 (1968), which is the leading case construing Rule 19 F.R.Civ.P.[2]

Numerous federal cases have been decided following *Provident Tradesmens.* See Vol. 28 U.S.C.A. Rule 19 and pocket part supplement. Since Rule 52.04 is practically the same as Rule 19, it is appropriate to use federal precedents as a guide to application of Rule 52.04. *Conrad v. California Unemployment Insurance App. Bd.,* 47 Cal.App.2d 237, 120 Cal.Rptr. 803 (1975); cf. *Adams Dairy Company v. National Dairy Products Corp.,* 293 F.Supp. 1135 (W.D.Mo.1968); *State v. Anderson,* 515 S.W.2d 534 (Mo. banc 1974).

One of the leading cases which relied upon and incorporated much of the language of *Provident Tradesmens* is *Wright v. First National Bank of Altus, Oklahoma,* 483 F.2d 73 (10th Cir. 1973), in which the court of appeals reversed the district court's dismissal of an action under Rule 19 F.R. Civ.P. for failure to join a party. At 74–75, the court stated:

Rule 19, F.R.Civ.P., provides in its ¶ (a) for joinder if feasible and in its ¶ (b) for determination by the court of action to be taken when joinder is not feasible. A decision to proceed under ¶ (a) is a decision that the absent person is merely "necessary" while a decision to dismiss under ¶ (b) is a decision that the absent party is "indispensable." *Provident Tradesmens Bank v. Patterson,* 390 U.S. 102, 118, 88 S.Ct. 733, 19 L.Ed.2d 936.

In its judgment of dismissal the district court found that Altus "is a necessary party to the action." This is not enough to justify dismissal. The plain wording of ¶ (b) permits dismissal only when a party is indispensable. Accordingly, the dismissal violates the rule and cannot stand.

If the use of the word "necessary" was a mere inadvertence, and nothing shows that it was, the question is whether the other conditions of ¶ (b) have been met. It there says that the court shall determine "whether in equity and good conscience the action should proceed among the parties before it," and in making such determination four factors are to be considered. These are (1) prejudice to the absent party or to those already parties, (2) the lessening or avoiding of prejudice by protective provisions in the judgment, by shaping relief, or by other measures, (3) the adequacy of the judgment which might be entered in the person's absence, and (4) the adequacy of a remedy if the action is dismissed for nonjoinder.

The trial court made no determination whether "in equity and good conscience" the case could proceed. It said "complete relief cannot be afforded the remaining parties for all the reasons set out in Rule 19, FRCP; that Plaintiffs have an adequate remedy in State Court upon the

---

2. For history and explanation of Rule 19 F.R.Civ.P., see Law of Federal Courts, 2d Ed., secs. 70, 71, by Charles Alan Wright.

dismissal of the Petition in this case; * * *." These conclusionary statements are of no value because the court finds no facts to support them. In *Provident Tradesmens Bank v. Patterson*, 390 U.S. 102, 119, 88 S.Ct. 733, 743, 19 L.Ed.2d 936, the Court said:

> "Rule 19 does not prevent the assertion of compelling substantive interests; it merely commands the courts to examine each controvery [sic] to make certain that the interests really exist. To say that a court 'must' dismiss in the absence of an indispensable party and that it 'cannot proceed' without him puts the matter the wrong way around: a court does not know whether a particular person is 'indispensable' until it has examined the situation to determine whether it can proceed without him."

As far as the record before us shows, the trial court made no such determination. It did not comply with the rule.

In *Provident Tradesmens,* the United States Supreme Court further pointed out that a determination that a nonjoined person is a "necessary" party does not end the inquiry. The Supreme Court said at 108, 88 S.Ct. at 737, "We may assume, at the outset, that Dutcher [the nonjoined person] falls within the category of persons who, under sec. (a), should be 'joined if feasible'." As pointed out in *Wright v. First National Bank, supra,* a decision under par. (a) that a party should be "joined if feasible" is a finding that he is a "necessary" party but not a determination that he is "indispensable". The determination of indispensability or not is yet to be made and is to be made under par. (b).

■ So it is seen that Rule 19 F.R.Civ.P. and our Rule 52.04 anticipate that a nonjoined person may conceptually and actually be a "necessary" party but that the action will nevertheless proceed without him unless he is found to be indispensable by applying the criteria of par. (b). The considerations set forth in par. (b) are pragmatic.

Defendants' argument starts with the fact of a joint tenancy and points out that each joint owner has an interest in the subject of the action; that a payment to one of several joint obligees will usually discharge the obligation; that disposition of the action without a joinder of the joint tenants might impede the absent party's ability to protect his or her interest and might cause the defendants to incur substantial risk of multiple or inconsistent obligations, and that all joint owners of real property must be parties to a suit to recover a claim arising out of the ownership of the property.

The court does not know the basis upon which the trial court ordered joinder and dismissed for failure to join. The court of appeals opinion reasoned that since the ownership of the complex was a joint tenancy the absent owner was a *necessary* party and on that basis sustained the trial court's dismissal order.

Conceptually, all of the foregoing may well represent the various aspects or incidences of a joint tenancy and upon inquiry being made in a particular case may result in a finding that the nonjoined owner should be joined under 52.04(a). But this finding will not, of itself, warrant dismissal under the rule.

As noted supra, the finding that a nonjoined person is a necessary party does not mandate dismissal. It requires consideration of whether the nonjoined person is indispensable in the practical circumstances of the particular case.

Whether or not the nonjoined co-owner's interest or the interest of defendants will be prejudiced by proceeding; whether or not protective measures can be utilized to lessen or avoid prejudice; whether or not a judgment rendered in the nonjoined person's absence would be adequate; and whether or not the plaintiff will have any adequate remedy if the action is dismissed, are all questions requiring consideration under 52.04(b) and, so far as this record is concerned, no consideration has been given to them.

■ In other words, Rule 52.04(b) comes into play after it is determined that the absent person is a necessary party and it is not feasible to join him as a party. If a person is found to be a necessary party under 52.04(a) and it is feasible to join him, then, of course, he must be joined.

In *Keene v. Chambers*, 271 N.Y. 326, 3 N.E.2d 443 (1936), plaintiffs sued for rent, taxes, and other sums due under a lease against their tenants. Chicago Title & Trust Co. was, in effect, one of the lessors by reason of an assignment of rents having been made to it by one of the owners. Plaintiffs had requested Chicago Title & Trust Co. to join with them but the request was refused. Defendants moved to compel the joinder of Chicago Title which motion was denied.

The New York Court of Appeals affirmed saying that if their then joinder rule applied, plaintiffs would be barred completely from any remedy to enforce defendants' obligation under the lease because plaintiffs could not sue in Illinois, as defendants were not residents of that state, and New York had no jurisdiction over Chicago Title & Trust Co. Therefore, any order to make Chicago Title & Trust Co. a party would be futile and meaningless. The court said at 444–445, "To command a party to be brought in where there is no process to bring him in and no jurisdiction over him lacks sense. . . . Where any of such parties are without the state and cannot be served or brought into the action effectually, they need not be parties, and an order would be improperly granted which directed that they be made parties. . . . If the plaintiffs collect the entire rent they must of course account to their cotenant for the latter's share."

*Keene* is noted as an example of a situation where, in Missouri, the absent person would probably be considered a necessary party under 52.04(a) but joinder may not be feasible under 52.04(b) upon the pragmatic considerations set forth therein.

Hypothetically speaking, it may appear in a particular case that one of the joint tenants is in another country and refuses to join in the action, or his whereabouts is totally unknown. If a plaintiff joint tenant cannot maintain any action to collect rents from the manager of the building or from the tenants without doing the impossible—joining the other owner—then he has no remedy and the wrong simply continues.

Rule 52.04(b) seeks to remedy such a situation by requiring a purely pragmatic inquiry to be made so that substantial justice can be done in spite of the conceptual incidences of a joint tenancy which perhaps would otherwise procedurally prevent the righting of a substantive wrong.

■ In the instant case, as in *Wright v. First National Bank of Altus, Oklahoma, supra,* "[a]s far as the record before us shows, the trial court made no such determination. It did not comply with the rule." 483 F.2d at 75.

The result is that the trial court's judgment of dismissal must be reversed and the cause remanded for further proceedings consistent with Rule 52.04 and this opinion.

The plaintiff in the instant case alleged the existence of a joint tenant but failed to state the information required under Rule 52.04(c). However, the failure to so plead does not appear to be the basis for the trial court's order of dismissal and we will not assume to the contrary. On remand, plaintiff should amend his petition to comply with the appropriate rules and the matter can then proceed in accordance with Rule 52.04.

It is not to be inferred from this opinion that this court has adjudicated any question reference plaintiff's petition or his alleged cause of action other than the particular issue on this appeal which is whether the dismissal was proper on this record under Rule 52.04.

The judgment of dismissal is reversed and the cause remanded for further proceedings consistent with Rule 52.04 and this opinion.

SEILER, C. J., and MORGAN, HOLMAN, HENLEY and FINCH, JJ., concur.

DONNELLY, J., dissents.