Raymond W. SCHMITZ, Respondent,

v.

TAYLOR–MORLEY–SIMON,
INC., Appellant.

No. 50074.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 15, 1986.

Robert H. Epstein, Jane Cohen, Susan, Schermer, Rimmel & Parker, St. Louis, for appellant.

Raymond W. Schmitz, St. Louis, for respondent.

CRIST, Judge.

Taylor-Morley-Simon, Inc. (builder) appeals the decision of the Circuit Court awarding plaintiff (buyer) $800 on buyer's claim for breach of a contract to build a house. Buyer alleged builder installed bathroom marble vanity tops of a different style and color than what were ordered, and that builder failed to properly vent the house. The cause was originally heard in small claims court, Section 482.310 RSMo 1978, where buyer was awarded $400.00. Upon a trial de novo in the circuit court, buyer was awarded $800.00. Builder appeals.

Builder seeks reversal on the grounds buyer's wife, an apparent co-signatory to the contract, was not joined as a party to the action. Defendant claims as a co-signatory to the contract, she is a co-obligee to that contract, and therefore, she is an indispensable party in whose absence the action cannot continue.

Rule 52.04 creates two categories of persons who should be joined in an action. The first category consists of necessary parties, who are persons who should be joined in the action, if (a), in the absence of the non-joined person, complete relief cannot be granted to those already parties to the action or (b) the person claims an interest in the subject of the action which will be impaired by the result of the action, or will leave any of the other parties open to a substantial risk of multiple or inconsistent obligations because of the outstanding interest. Rule 52.04(a). If a person has such an interest, or is so situated that complete relief cannot be granted to those already parties in his absence, the court must then order his joinder. If joinder of that person is not possible, then the court must determine whether the action should proceed in his absence, or whether he is so involved in it the action must be dismissed. If so, that person is considered indispensable. Rule 54.02(b).

In this case, it would appear buyer's wife is a necessary party to the action. *See*

*Kingsley v. Burack*, 536 S.W.2d 7, 9–11 (Mo. banc 1976). However, a determination has not been made below as to whether she is an indispensable party, and the evidence in the record is not sufficient for this court to make such a determination. Therefore, we vacate the decision of the trial court and remand for the limited purpose of determining whether buyer's wife is an indispensable party to the action. If she is not indispensable, then the judgment should be reinstated. If she is indispensable, then leave should be granted to amend the petition and add her as a party, and the cause should be retried. *Kingsley*, 536 S.W.2d at 13.

Vacated and remanded with directions.

DOWD, P.J., and REINHARD, J., concur.