**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

FEB 24 2000

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MICHAEL E. LEWIS,

    Defendant-Appellant.

No. 99-1286
(D.C. No. 94-CR-275)
(COLORADO)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Pro se appellant Michael Lewis appeals from the district court's refusal to reconsider his sentence for lack of jurisdiction. We grant Mr. Lewis' motion to proceed without payment of costs or fees and affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In January of 1995, Mr. Lewis was sentenced to serve eighty-seven months for his commission of federal offenses pursuant to the U.S. Sentencing Guidelines. Over four years later, Mr. Lewis wrote the sentencing court to request a modification of his sentence based on his "post-conviction rehabilitation." The district court treated the letter as a "motion for reconsideration," which it denied holding it lacked jurisdiction to reconsider Mr. Lewis' sentence. After Mr. Lewis' second request for reconsideration was rejected, he appealed to this court.[1]

The precise question before us is whether the district court has jurisdiction to modify Mr. Lewis' sentence when he was convicted and sentenced four years earlier and has no legal error for presentation other than his own wish to be re-sentenced. Stated simply, the issue is whether the district court has jurisdiction to re-sentence a defendant solely upon the defendant's motion. We review de novo the district court's legal determination that it lacked jurisdiction to modify Mr. Lewis' sentence. *See United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

The district court correctly held it lacked the power to re-sentence Mr. Lewis. "A district court does not have inherent authority to modify a previously imposed sentence; it may only do so pursuant to statutory authorization." *Id*.

---

[1]Mr. Lewis moves for appointment of counsel in this case. Because our independent research satisfies us that the District Court was without jurisdiction to modify his sentence, the motion is **DENIED**.

(quoting *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997)).

Contrary to Mr. Lewis' argument, his conviction and sentence constitute a final judgment which the court "*may not modify . . . once it has been imposed.*" 18 U.S.C. § 3582(c) (1994) (emphasis added). This section's mandate has only two exceptions,[2] neither of which Mr. Lewis claims apply to his case.

In making his argument, Mr. Lewis confuses the question of whether a sentencing court may consider a certain factor when departing from the guidelines, with whether a court has the power to sentence the defendant at all. It is the later question that is before us here. Mr. Lewis relies on the holdings in *Koon v. United States*, 518 U.S. 81 (1996), *United States v. Whitaker*, 152 F.3d 1238 (10th Cir. 1998), and *United States v. Rhodes*, 145 F.3d 1375 (D.C. 1998), all of which hold a defendant's post-conviction rehabilitation may be considered as a factor for downward departure from the Sentencing Guidelines. In each of those cases, the sentencing issue was properly before the court on direct appeal from the sentencing or resentencing of the defendant. None of the cases discuss whether the court had jurisdiction to impose the sentence, the issue we are faced with here.

Mr. Lewis alternatively argues the district court has jurisdiction to re-sentence him under 28 U.S.C. § 2241, the general habeas corpus statute. To

---

[2]The exceptions are set forth in 18 U.S.C. § 3582(c)(1) and (2).

invoke that jurisdiction, however, Mr. Lewis must allege a constitutional deprivation. To the extent he claims an Equal Protection violation,[3] we reject this argument as well. Different treatment between those prisoners whose convictions are held improper on appeal and all other prisoners is reasonable and nondiscriminatory. *See Rhodes*, 145 F.3d at 1381 (such unequal treatment does not contravene guidelines' goal of treating similarly situated defendants alike). *Cf. Wright v. Altus Prod. Credit Ass'n*, 468 F.2d 997, 999 (10th Cir. 1972) (federal statute precluding the exercise of jurisdiction was not Equal Protection violation because restriction was reasonable and nondiscriminatory).

Mr. Lewis has argued throughout this litigation that a downward departure should be available to all inmates who demonstrate post-conviction rehabilitation, not merely those inmates "lucky enough" to be re-sentenced due to reversible errors in their original sentencing. This is an argument that is properly addressed to Congress, not to the judicial branch. *See Mistretta v. United States*, 488 U.S. 361, 364 (1989) (scope of judicial discretion with respect to sentencing criminal defendants is subject to congressional control).

---

[3]Mr. Lewis argues repeatedly that his Equal Protection rights were violated because inmates lucky enough to have their case before the court on another error may have their post-conviction rehabilitation considered for downward departure.

The district court is **AFFIRMED**.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge