PAULINE P. YOUNG, Respondent, v. NEW YORK LIFE INSURANCE COMPANY, Appellant, No. 41606—228 S. W. (2d) 670.

Division Two, April 10, 1950.

*Richard S. Righter* and *Howard A. Crawford* for appellant; *Ferdinand H. Pease* and *Lathrop, Crane, Sawyer, Woodson & Righter* of counsel.

*W. A. Franken* and *John Franken* for respondent.

WESTHUES, C.—This case was transferred to this court by the Kansas City Court of Appeals under authority of Section 10, Article V, of the Missouri Constitution. Appellant insurance company filed a motion to transfer and the principal grounds in its motion were that the cause involved a question of general interest and that a re-examination of the existing law is required.

The case was disposed of in the court of appeals in an opinion written by Cave, P. J., in which all of the judges concurred. It is reported in 221 S. W. (2d) 843. The opinion contains a complete statement of the facts and a full discussion of the legal points involved. We need to make only a brief statement.

The suit was brought by Pauline P. Young, the widow of Roscoe D. Young, against the defendant insurance company to recover $1,000 under a double indemnity clause in an insurance policy wherein plaintiff was named as beneficiary. On May 23, 1946, the insured, plaintiff's husband, was washing windows at his house in Carrollton, Missouri. While so engaged, a ladder on which he was standing slipped and Young fell thereby sustaining a number of broken ribs and other injuries. Traumatic pneumonia developed and thereafter tuberculosis, resulting in death on August 16, 1946, which was within 90 days from the date of the fall.

A trial resulted in a verdict for plaintiff for $1,000 as provided for in the double indemnity clause of the policy; $500 for attorneys' fees; $100 penalty for vexatious refusal to pay; and $78 for interest. The court of appeals disallowed the items of attorneys' fees and penalty for vexatious refusal to pay and ordered a new judgment to be entered in plaintiff's favor for $1,000, the amount specified in the insurance policy.

The evidence disclosed that for many years the insured had been employed as a diesel engineer by the Sinclair Refining Company. He had worked steadily prior to the fall on May 23, and apparently was in good health. He never returned to work after the fall, in fact, he did not thereafter enjoy good health a single day. Pneumonia continued for about nineteen days. Young continued to be a sick man. He coughed, had a pain in his side, and had some fever. He was sent to the Veterans' Hospital in Excelsior Springs, Missouri, where he died. The death certificate stated the cause of death to be tuberculosis. The defendant company paid the widow the face of the policy but refused to pay under the double indemnity clause, contending that death was not the result of the fall but was due to a pre-existing tuberculosis condition.

There was conflict in the evidence as to whether the insured prior to the fall was suffering from an active case of tuberculosis. All that need be said here is that a jury was justified in finding that Young had an inactive or arrested case of tuberculosis prior to the fall on May 23. The fact that he had been working constantly

prior to the fall and thereafter was never able to return to work was a circumstance supporting the medical evidence on that question of fact. The opinion of the court of appeals contains a full statement of the facts to which we refer the reader for additional details.

The ultimate facts as supported by evidence in the record stated most favorably to plaintiff are that Young at the time of the fall had an inactive case of tuberculosis. The injuries sustained by the fall caused traumatic pneumonia which activated the dormant tubercular condition and caused the death of the insured. Considering the above facts to be true, the question presented is whether the defendant company is liable under the following clause in the insurance policy. (We are omitting immaterial provisions.)

"The Double Indemnity Benefit specified on the first page hereof shall be payable upon receipt of due proof that the death of the insured resulted directly and independently of all other causes from bodily injury effected solely through external, violent and accidental means * * *; provided, however, that such Double Indemnity shall not be payable if the Insured's death resulted, directly or indirectly, from * * *; (g) infirmity of mind or body; (h) illness or disease; or, (i) any bacterial infection other than that occurring in consequence of accidental and external bodily injury."

The court of appeals held that the facts justified the submission of the case to a jury. The case of Fetter v. Fidelity & Casualty Co., 174 Mo. 256, 73 S. W. 592, 61 L. R. A. 459, 97 Am. St. Rep. 560, was cited as authority. In its brief appellant says of the Fetter case, "The principle is correct but it does not apply because here there was another 'independent force.' That independent force was tuberculosis. It was not only an *independent* force, it was a *pre-existing* force."

In the Fetter case the insured fell and ruptured a kidney. The rupture was made possible because of a cancerous condition of the kidney. It was held that the insured company was liable under a clause similar to the double indemnity clause involved in the present case. Appellant says the facts in the Fetter case were different from the facts now before us. The facts may have been somewhat different but the same principle of law is applicable. In the Fetter case the insured was suffering from a cancerous condition which made it possible for the kidney to rupture as a result of a fall. Death followed. So, in this case the insured had a dormant or inactive case of tuberculosis which was caused to become active as a result of a fall. Death followed. In the Fetter case the insured might have eventually come to his death as a result of cancer. In this case the insured might have eventually died of tuberculosis. But he might not have died of such disease if it had not been for the fall. The fall activated a dormant condition resulting in death. We think

the Fetter case controlling. For cases from other states supporting this theory see Police and Firemen's Ins. Assoc. v. Blunk, (Ind. App.) 20 N. E. (2d) 660; Scanlan v. Metropolitan Life Ins. Co., 93 F. (2d) 942; Provident Life and Accident Ins. Co. v. Watkins, 256 Ky. 645, 76 S. W. (2d) 889; Guardian Life Ins. Co. v. Robinson, 278 Ky. 678, 129 S. W. (2d) 192; Commercial Casualty Ins. Co. v. Stinson, 111 F. (2d) 63; Kramer v. New York Life Ins. Co., 293 Mass. 440, 200 N. E. 390; Fidelity and Casualty Co. v. Meyer, 106 Ark. 91, 152 S. W. 995, 44 L. R. A. (NS) 493; Griffin v. Prudential Ins. Co., 133 P. (2d) (Utah) 333, 144 A. L. R. 1402, and extensive annotations beginning at page 1416. See also cases cited in the annotations in 131 A. L. R. 244. Cases that support defendant's contention will be found in the annotations in 131 A. L. R. beginning at page 251.

We are of the opinion that the better rule followed in this and many other jurisdictions was stated in Scanlan v. Metropolitan Life Ins. Co., supra, as follows: (93 F. (2d) 946)

"One may recover on an accident policy such as here in issue although the insured suffers from bodily infirmities. If the accident brought about conditions from which death resulted, the fact that the insured was ill, aged or infirm, or had bodily or mental infirmities, would not bar recovery provided the accident excited the bodily infirmity into activity and death resulted. If the infirmity alone would not have caused death, it cannot be said to have caused death when the immediate result was occasioned by an infirmity which became active only because of the accident. The infirmity may have made the insured less able to resist, but if the accident caused the condition which in turn affected the weak spot which did not resist as well as a healthy body, the cause is nevertheless the accident, and recovery cannot be avoided or evaded."

After an examination of the authorities from many other jurisdictions, those cited supra and others, we have decided to adhere to the rule heretofore followed as outlined in the opinion in this case by the court of appeals.

We need not reconsider the question of the allowances of attorneys' fees and damages for vexatious refusal to pay. We approve the holding of the court of appeals in disallowing these two items. There was present in this case a question of fact upon which there could be an honest difference of opinion, that is, whether the proximate cause of death was disease or accident.

The judgment of the trial court should, therefore, be reversed and the cause remanded with directions to the court to enter a judgment

in plaintiff's favor in the sum of $1,000 with interest at 6% per annum from August 16, 1946.

It is so ordered. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.