Bernard M. BIRMINGHAM, Appellant,

v.

Oscar Otto COEN et al., Respondents.

No. 46647.

Supreme Court of Missouri,

Division No. 2.

Jan. 12, 1959.

Motion for Rehearing or to Transfer to
Court en Banc Denied Feb. 9, 1959.

Thaine Q. Blumer, Ralph O. Wright,
Blumer & Wright, Kansas City, for appellant.

Robert G. Oberlander, George T.
O'Laughlin, Kuraner, Freeman, Kuraner &
Oberlander, Kansas City, for respondents.

BARRETT, Commissioner.

The plaintiff, Bernard M. Birmingham,
was traveling south on Troost Avenue in
his 1954 Ford automobile; he was follow-
ing a streetcar and when the streetcar
stopped at Twenty-eighth Street he stopped
his automobile to the right and rear of the
streetcar. As he was stopped a dump truck,
loaded with sand, struck the rear of his
Ford automobile. Mr. Birmingham, to re-
cover damages for his resulting personal
injuries and for the injury to his automo-

bile, instituted this action against the owner of the truck, Norvel J. Coen, and his brother, the driver of the truck, Oscar Otto Coen, and, originally, the seller of the sand, Stewart Sand and Material Company. He did not, however, submit his claim, if any, against the sand company, and upon the submission of his cause of action against the owner of the truck and the driver a jury returned a verdict in favor of the defendants. Upon this the plaintiff's appeal he makes but one assignment and claim of error, that because of defense counsel's misconduct and argument the trial court erroneously denied his motion for a new trial.

■ At the outset we are confronted with the respondents' routine motion to dismiss the appeal because, they assert, the plaintiff's brief does not meet the requirements of Rule 1.08, 42 V.A.M.S. It is said that the brief is deficient in that his statement "does not cover the facts favorable to Respondents and on which the jury evidently returned their verdict." The respondents have misconceived the essential purposes of Rule 1.08. The brief and argument fully set forth the matter complained of as constituting improper conduct and argument; it contains all the information necessary to a determination of the single question of whether the trial court erroneously denied his motion for a new trial because of the argument and conduct of defense counsel. The respondents have filed a brief, in which they have supplied the facts they think necessary to an understanding of their point of view and therefore their motion to dismiss the appeal is denied. Carver v. M.-K.-T. R. Co., 362 Mo. 897, 245 S.W.2d 96; Lammers v. Greulich, Mo., 262 S.W.2d 861; Jacobs v. Stone, Mo., 299 S.W.2d 438.

■■ On the other hand, one phase of the appellant's claim of error is directed to what he terms the cumulative effect of defense counsel's argument, particularly in characterizing one of the plaintiff's witnesses and his testimony: "That is a per-

fect example of the over-coached witness, folks, too eager." Plaintiff's counsel, admittedly, made no objection whatever to this statement and he asks that this argument be reviewed and a new trial granted under Rule 3.27 on the theory that it constitutes, in the language of the rule, "Plain errors affecting substantial rights." But it is the general rule that when counsel does not object to argument he deems improper, he may not thereafter object upon review. Enyart v. Santa Fe Trail Transp. Co., Mo., 241 S.W.2d 268. Rule 3.27 is resorted to in only those exceptional instances "when the court deems that manifest injustice or miscarriage of justice has resulted therefrom" (Rule 3.27), inflammatory appeals to race prejudice (Calloway v. Fogel, 358 Mo. 47, 213 S.W.2d 405) or other argument plainly depriving a party of a fair trial. Leaman v. Campbell 66 Express Truck Lines, 355 Mo. 939, 199 S.W.2d 359. The rule may not be invoked as an excuse for mere failure to timely and properly object or to evade the primary responsibility of orderly presentation to the trial court in the first instance. Hancock v. Crouch, Mo.App., 267 S.W.2d 36; V.A.M.S., Secs. 510.210, 512.160, subds. 1, 2; Rule 3.23. A comparable statement by counsel during a colloquy, not in oral argument, "This witness seems to be pretty well primed," was said to be improper but not such plain error affecting substantial rights as to invoke Rule 3.27. Louis Steinbaum Real Estate Co. v. Maltz, Mo., 247 S.W.2d 652, 31 A.L.R.2d 1052. The statement complained of here plainly falls in the latter category and is not subject to review in the circumstances of this record.

■ These are the circumstances and context of the improper conduct and argument which the appellant contends demand the granting of a new trial by this court, the trial court having overruled his motion for a new trial: Aside from the parties there was but one witness to the collision, Mr. Brizendine. He was standing in his employer's office window and seeing the collision went to the aid of Mr. Birming-

ham, and it was from his office that the plaintiff called a doctor and perhaps others. In his lengthy, detailed opening statement, after telling the jury what the evidence would show including what Mr. Brizendine would say in behalf of the plaintiff, defense counsel, without objection said, "Now, the evidence is going to show that this here-now Brizendine, the eyeball witness, came out there to the street and suggested that maybe Bernard M. Birmingham ought to have a lawyer by the name of Ralph Wright" (one of plaintiff's lawyers). In the beginning of his cross-examination of this witness he wanted to know if it was a fact that his employer, George, knew Wright and objection to this line of questioning was overruled as "It may be material." Then he asked the witness whether he knew Wright and the witness did not think that he knew him prior to the time of this trial. And then defense counsel inquired, "Well, isn't it a fact that you and Frankie George talked about this accident and one or the other or both of you decided that it would be an awful good idea if you called Ralph Wright or got this man fixed up with a lawyer?" Counsel pursued this line of questioning for some time but there was no objection to any of it. The subject was not again mentioned until the closing arguments. Then plaintiff's counsel, in the opening argument, said, "These side issues that were brought in here by the defendant, which were attempted on behalf of the defendant, by Mr. Oberlander, in the examination of Mr. Brizendine, I know you could see had nothing to do with the lawsuit. They were only injected strictly for the reason that when you don't have a defense to what happened, when you don't have a defense that the man got hurt, you have to look for something, if you are going to get up here in this courtroom and talk to you jurors and try to get you to come back with a verdict in his favor, he has to say something, and that, of course, is what he was attempting to do." At the outset of defense counsel's argument he apologized for failing to prove what he had said in his opening statement

he would prove. He then said, "And that was the tie that I knew existed between—." Plaintiff's counsel objected and his adversary said, "Which I thought I was going to prove between Brizendine and Wright. I honestly thought when I told you that—I honestly thought Brizendine—." Upon further objection that there was "no evidence regarding any—," the court said, "No, but he is explaining his opening statement." Then defense counsel said, "All I am trying to do—I said I didn't prove it. * * * As I say, all I can say to you is that I was convinced Brizendine would admit it, and he wouldn't, and he didn't. * * * Actually, how these fellows got this case is no concern, in this lawsuit, except if I could have proved, of course, that Brizendine had something to do with it, it might show a little prejudice on his—." Upon objection to counsel's continuing to comment on something not true and not in evidence, the court said, "That is what he is admitting now." The subject was not mentioned again until plaintiff's counsel indirectly replied to it in his closing argument.

This particular argument and these circumstances do not call for an extended discussion of what is and what is not permissible argument and conduct. As introduced in the opening statement and in the cross-examination the subject was indeed a collateral matter, it was not relevant to the lawsuit and in view of counsel's past experience it cannot be said that it was initially injected into the case in good faith. See Critcher v. Rudy Fick, Inc., Mo., 315 S.W.2d 421. His argument was in part retaliatory, however, and while the court did not rule on the objections when made, it not being manifest that the improper conduct affected the result unjustly, some deference is due the court's ruling on the motion for a new trial. Marler v. Pinkston, Mo., 293 S.W.2d 385; Collins v. Cowger, Mo., 283 S.W.2d 554. This is not an instance of insistent, repeated improper argument made in defiance of the court's ruling. Dunn v. Terminal Railroad Ass'n,

Mo., 285 S.W.2d 701. The subject matter and the language employed were not manifestly inflammatory; it could not be confidently said that either improperly influenced the jury to an unjust result or deprived the plaintiff of a fair trial in a simple case involving simple issues. Cammarata v. Payton, Mo., 316 S.W.2d 474. For the reasons indicated the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.