**Earl E. PARIS et al., Appellants,**

v.

**Virginia Louise KEEFHAVER,
Respondent.**

**No. KCD 26267.**

Missouri Court of Appeals,
Kansas City District.

Aug. 5, 1974.

Thomas D. Cochran and C. William Kramer, Independence, for appellants; Piedimonte & Cochran, Independence, of counsel.

George T. O'Laughlin, William E. Simmons and Miller & O'Laughlin, P. C., Kansas City, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

PRITCHARD, Presiding Judge.

In this personal injury action which was the result of a head-on collision which occurred December 7, 1969, at an intersection of Highway M–33 and an unmarked street in Holt, Missouri, the trial court directed a verdict for the plaintiffs at the close of all the evidence on the issue of liability only. That action necessarily left to the jury's determination only the issue of whether plaintiffs were damaged by the negligence of defendant.

 Unanimous verdicts were returned by the jury for defendant upon all counts of plaintiffs' petition. In their first point plaintiffs' claim is that the court erred and abused its discretion in overruling their motion for new trial because the jury's verdict was against the greater weight of the evidence, in the light of evidence as to the damage to Doris Paris' eyeglasses and the injury to the right shoulder of Earl Paris being uncontroverted. The law of this proposition has been so long and well settled that plaintiffs' point should be and is regarded as frivolous. One of the leading cases is Cluck v. Abe, 328 Mo. 81, 40 S.W. 2d 558, 559 [1–3] (1931), where plaintiffs' first contention was that the verdict for defendant was not supported by substantial evidence, and the court said, "The sufficiency of the evidence to support the verdict in defendant's favor is not an open question in this court; therefore we need not concern ourselves about what the evidence showed in that regard. The burden was not on the defendant, but was on the plaintiff to make out the case stated in his petition. In a case where the allegations of the petition are denied by the answer, and the plaintiff offers oral evidence tending to support the allegations of the petition, the defendant is entitled to have the jury pass upon the credibility of such evidence even though he should offer no evidence himself. * * * The jury, in the first instance, is the sole judge of the credibility of the witnesses and of the weight and value of their evidence, and may believe or disbelieve the testimony of any one or all of the witnesses, *though such evidence be uncontradicted and unimpeached.* (Italics added.) (Citing cases.)" Following these statements is a long line of decisions, culminating in Strickner v. Brown, 491 S.W.2d 253 (Mo.1973). It matters not that plaintiffs' evidence of damage was uncontroverted. The jury was entitled not to believe it. The trial court, having discre-

tion to award one new trial upon the ground that the verdict was against the weight of the evidence under Rule 78.01, V.A.M.R. [Liberty Loan Ass'n of Antioch v. Brown, 493 S.W.2d 664 (Mo.App. 1973)], has chosen not to do so. The judgment will therefore not be disturbed, and Point I is overruled.

 In his opening statement counsel for defendant told the jury that the evidence would be that the Paris' were put under the care of a chiropractor, and that something came up between them and that the next doctor, a year after the accident, was Robert H. Finkle, a highly regarded orthopedic surgeon, who gave them the benefit of his expertise in examining both of them, "and finding nothing wrong, turned them loose, but that was not the end of the Parises' claims. Now, you see, it will be in evidence that the Parises had not just injuries and accidents, but a claim history from which they knew what it takes and what it took to establish a claim. They had had claims—." The objection, which was overruled, was that counsel was getting into argument, rather than making an opening statement. The opening statement related to what the evidence would be as to the validity of the plaintiffs' claims of injuries, and was within the issues framed by the pleadings. There was evidence that plaintiffs had prior claims, and that one doctor, who had found no injuries was not called as a witness, which matters were covered by counsel in closing argument. The phrase in the opening statement relating to a claim history "from which they knew what it takes and what it took to establish a claim" was a technically impermissible and erroneous argument injected into the opening statement. The question is whether the phrase prejudiced plaintiffs in the sense that defendant received the verdict when otherwise she would not have done so. Considering the evidence of injuries, it was obviously the prerogative of the jury to have rendered its verdict thereon for defendant. The trial court, being present and having the opportunity to observe the effect of the opening statement on the jury, and having again considered it on motion for new trial, was in a much better position to rule any claimed prejudicial effect than is this court. Cf. Birmingham v. Coen, 320 S.W.2d 509, 511 (Mo.1959); Gilmore v. Union Construction Company, 439 S.W.2d 763, 767 [8–11] (Mo.1969), "By not sustaining the motion for new trial the court indicated that it did not consider the prejudicial effect of the transgression, in the light of all the surrounding circumstances, to be of sufficient severity to require a new trial." Point II is overruled.

A motion to dismiss the appeal for failure to comply with the briefing rules was taken with the case. In view of the simplicity with which this appeal is disposed, the motion, although of considerable merit, need not be considered, and is overruled.

The judgment is affirmed.

All concur.