**Robert E. GROVES, Plaintiff-Respondent,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant.**

**No. 59337.**

Supreme Court of Missouri, En Banc.

Sept. 13, 1976.

Kenneth L. Dement, Sikeston, for plaintiff-respondent.

David G. Beeson, Buerkle, Buerkle & Lowes, Jackson, for defendant-appellant.

HENLEY, Judge.

This is an action by an insured against his insurer to recover under the comprehensive coverage provision of his policy for damages to his automobile. Verdict and judgment were for plaintiff.[1] Defendant appealed to the Court of Appeals, Springfield district. That court affirmed and, on application of defendant, we ordered the case transferred to this court. We reverse and remand with directions.

The substance of plaintiff's claim is: (1) that in January, 1971, the engine of his 1965 Ford automobile was vandalized by a person or persons unknown putting sugar either in the gasoline tank or in the engine's oil, resulting in destruction of the engine, and his damage in the amount of $700; (2) that in April, 1971, about two months after he reported his loss to defendant and demanded payment therefor, defendant refused to pay, claiming that the loss was not caused by vandalism but was the result of ordinary wear and tear for which it was not liable under provisions of the policy issued to plaintiff; and (3) that defendant's refusal to pay was vexatious, by reason of which he is entitled to recover, in addition to his actual damage, damages of 10% thereof ($70) and a reasonable attorney fee of $500.

Defendant's answer and its position at trial was that the damage to plaintiff's automobile was not caused by vandalism as claimed by its insured, for which the policy did afford coverage, but was caused by ordinary wear and tear or mechanical failure or breakdown, for which the policy did not afford coverage; that for these reasons it was not liable to plaintiff for his loss. Defendant further alleged in support of its defense to the claim of vandalism that it sought and in good faith relied upon the opinion of an expert who informed it that, based upon his experience, examination and tests, there was no evidence of sugar in the engine; and that it so informed plaintiff when it refused to pay his claim.

1. The total amount of the judgment is $1270, being $700 actual damage; and, $70 damage for vexatious refusal to pay and $500 as attorney fee awarded pursuant to § 375.420, RSMo 1969.

Plaintiff's evidence included the testimony of two experienced mechanics who stated that their experience is that when sugar reaches the cylinders of an automobile engine through the fuel or lubricating systems it causes a seizure or binding-up of its moving parts; that they examined plaintiff's engine and found thereon a "brown gummy substance" which they identified as sugar; that they also found the pistons "frozen" or locked to the walls of the cylinders, a condition caused by sugar.

Defendant's evidence included testimony of (1) a professor of chemistry who was also chairman of the division of mathematics and science at Southeast Missouri State University whose qualifications as an expert were not questioned; and (2) an adjuster or field representative of defendant who investigated and handled plaintiff's claim and who had had experience with claims involving damage to automobile engines allegedly caused by sugar.

The professor testified that he examined and made tests of a gasoline sample, oil sample and piston scrapings brought to him by defendant's adjuster; that in these tests he was looking for evidence of sugar, found none, and none was present; and that he so reported to defendant.

The adjuster testified that he took the samples referred to by the professor from the damaged engine of plaintiff's automobile and delivered them to the professor; that he found no evidence of sugar or damage caused by sugar when he examined plaintiff's engine; that the damage he found was caused by ordinary wear and tear, probably produced by water or antifreeze escaping onto the pistons and into the cylinders.

The main question presented is whether defendant's alleged vexatious refusal to pay plaintiff's claim should have been submitted to the jury. We hold that it should not have.

■ The law is well settled that the penalty for vexatious refusal of an insurance company to pay the claim of its insured should not be imposed unless the facts and circumstances surrounding the company's refusal to pay show that the refusal was wilful and without reasonable cause or excuse, as the facts would have appeared to a reasonable person before trial. An insurance company may question and contest an issue of fact relating to its liability if it has reasonable cause to believe, and does believe, that there is no liability under its policy and that it has a meritorious defense. The mere fact that the trial judgment is adverse to a defendant's contention is not sufficient reason for imposing the penalty. *Young v. New York Life Insurance Co.*, 360 Mo. 460, 228 S.W.2d 670, 672[3] (1950); *Camdenton Consolidated School District No. 6 ex rel. W. H. Powell Lumber Co. v. New York Casualty Co.*, 340 Mo. 1070, 104 S.W.2d 319, 331[10] (1937); *Scott v. Missouri Insurance Co.*, 246 S.W.2d 349, 355[13–16] (Mo.App.1952).

■ There was no evidence of bad faith on the part of defendant. There was evidence indicating that there was a question of fact about which there could be an honest difference of opinion as to whether plaintiff's damage was caused by the vandalism claimed by plaintiff. The evidence indicated that defendant had reasonable cause to believe, and did believe, that this damage was not caused as claimed and that it was not liable under its policy. The court erred in submitting the issue of vexatious refusal to pay.

■ Defendant contends also that the court erred in not directing a verdict for it at the close of all the evidence, because even if it be assumed that the damage to plaintiff's engine was the result of the described act of vandalism, plaintiff failed to make a submissible case in that he failed to prove that the vandal did it wilfully with malicious intent to do damage.

It is common knowledge that sugar is a substance foreign to and not normally to be found in the fuel supply or crankcase of a motor vehicle and when it is found damage thereto accompanies operation of the engine.

Plaintiff testified that his automobile had been parked unattended in a large unenclosed parking lot of his employer, International Shoe Co., for several hours before he left his employment in the automobile enroute home late in the afternoon of January 10, 1971; that he had driven about three blocks when it "just locked up, made a loud sound, and just stopped." There is no suggestion that plaintiff was the culprit.

Plaintiff did not fail to make a submissible case in the respects suggested by defendant. A jury reasonably could find, as assumed by defendant in this point, that sugar did find its way into the fuel supply or crankcase of plaintiff's automobile; and a jury reasonably could infer from the evidence that the sugar reached the engine through the hands of a person wilfully and maliciously intending to do damage. Hence, the question was for the jury and the court did not err in overruling defendant's motion for directed verdict. *Cruse v. Government Employees Insurance Co.*, 391 S.W.2d 1 (Mo.App.1965); *State v. Kiplinger*, 430 S.W.2d 616 (Mo.App.1968); Couch on Insurance, 2d, § 42:603, pp. 298–299.

Defendant's next point is in two parts: (1) that the court erred in admitting "evidence of the before and after value as a measure of damages * * * to plaintiff's automobile;" and (2) that the court erred in giving instruction No. 5 submitting this measure of damages, because the proper measure of damages is the cost of repair where it is substantially less than the difference between the before-and-after value.

■ The general rule is that the measure of damages for injury to personal property such as an automobile is the difference between its reasonable market value before and after the damage. *Brunk v. Hamilton-Brown Shoe Co.*, 334 Mo. 517, 66 S.W.2d 903, 910[23] (1933). However, there is an exception to this rule "where the amount of damage is insignificant, as compared to the value of the property as a whole and involves only a small part thereof * * *." *Gulf M. & O. R. Co. v. Smith-Brennan Pile Co.*, 223 S.W.2d 100, 104–105[6, 7] (Mo.App. 1949). See also: *Curtis v. Fruin-Colnon Contracting Co.*, 363 Mo. 676, 253 S.W.2d 158, 164[12] (1952).

■ Evidence of the difference between the reasonable market value of plaintiff's automobile before and after destruction of its engine clearly was admissible; hence, the court did not err in admitting that evidence.

■ Instruction No. 5 is MAI 4.02 [2] verbatim, the only measure of damages instruction approved for use (at the time this case was tried in May, 1972 [3]) when the damage is to property alone. The court did not err in giving instruction 5 for this and another reason. The evidence is that the reasonable market value of this 1965 Ford before its damage was $800–$900; that the reasonable cost of restoring it to its predamage condition was "around $500." We can not say that the cost of restoration ($500) is so insignificant compared to the value of the property as a whole ($800–$900) as to bring the case within the exception to the general rule and thus require remand for a new trial. There is no merit in defendant's point.

■ We have considered defendant's charge of error in the giving of instruction No. 3, plaintiff's verdict director,[4] and the

---

2. Missouri Approved Jury Instructions, second edition.

3. See 1973 pocket parts to MAI for order of this court dated December 19, 1972, and Notes on Use [Supplemental] MAI 4.02, effective July 1, 1973, approving a form for a "cost of repair" instruction for use "[i]n those rare cases in which the cost of repair is the appropriate measure of damages * * *."

4. Instruction No. 3 is as follows:

"Your verdict must be for plaintiff if you believe: First, defendant issued its policy of automobile insurance to plaintiff, and

Second, said policy provided coverage for loss by malicious mischief or vandalism, and

Third, the policy was in force on January 10, 1971, and

Fourth, plaintiff was the owner of a 1965 Ford automobile covered by said policy of insurance, and

Fifth, said 1965 Ford automobile sustained loss caused by malicious mischief or vandalism,

Unless you believe that plaintiff is not entitled to recover by reason of Instruction Number 9."

six separate parts of defendant's point, and conclude that there is no merit in it. There is no approved verdict directing instruction for use in a suit on an insurance policy for damage to the insured's automobile. Instruction 3 is patterned after MAI 31.08, applicable to a suit on a life insurance policy. Instruction 3 is brief and simple; it is within the general scope of the pleadings; it submits only ultimate fact issues; and, while it hypothesizes items not controverted (items "first" through "third"), no prejudice resulted to defendant thereby. The instruction should have required a finding in paragraph "fifth" that *plaintiff* sustained damage instead of a finding that the *automobile* sustained loss, and in this respect the instruction was erroneous. However, we determine that under the facts of this case this error could have had no effect prejudicial to defendant.

After the jury had brought in its verdict the court directed its reporter to transcribe testimony of two witnesses and deliver the transcript to the state's attorney for his use in determining whether or not to prosecute them for perjury. The court ordered that the cost of this transcript be taxed as costs herein.

Defendant complains of this order (and did so in his motion for new trial) contending (1) that it is aggrieved thereby since this cost fell on it as the losing party; and (2) that the cost of this special transcript is not taxable as a part of the costs in this case, it being for the separate use of the prosecutor on state business and not necessary to the parties on this appeal.

■■■■ An item is not taxable as costs in a case unless it is specifically authorized by statute, or by agreement of the parties. *McClue v. Epsten*, 492 S.W.2d 97, 98[1] (Mo. App.1973). Sections 485.100 and 485.110 provide for the taxing of costs of transcripts of trial proceedings. They do not authorize the court to tax as costs in a civil case the cost of a transcript of proceedings in that case for use by a prosecutor in investigation of a possible criminal proceeding. The court exceeded its jurisdiction in this respect and this portion of the judgment should be set aside.

Other points briefed by defendant involve assignments of error relating to (1) admission of evidence, (2) laying the foundation for and impeachment of a witness, (3) expressions and conduct of the trial judge alleged to have denied defendant a fair trial, and (4) objections to argument of counsel. We have considered each of these points and counsel's supporting argument. We do not discuss these points, because either the error was harmless and would not change the result we have reached or there was no error.

The judgment is reversed and the cause is remanded with directions that the trial court:

1. set aside its judgment;
2. enter judgment for plaintiff and against defendant for $700 (amount found by the jury to be plaintiff's actual damages) with interest;
3. tax the costs, except cost of the special transcript, against defendant.

All concur.