**Betty KRUG, Respondent,**

v.

**UNITED DISPOSAL, INC., Appellant.**

**No. 38231.**

Missouri Court of Appeals,
St. Louis District,
Division One.

May 16, 1978.

Warren W. Friedman, Daniel C. Aubuchon, St. Louis, for appellant.

Barnard & Baer, Richard O. Funsch, St. Louis, for respondent.

CLEMENS, Presiding Judge.

By petition and counterclaim the individual plaintiff and corporate defendant each sued for damages arising from an intersectional collision. At the close of evidence the trial court directed a verdict against defendant on its counterclaim on the ground it had failed to prove any damage. Judgment ensued, and pursuant to Civil Rule 81.06, VAMR, the trial court designated the judgment as final for purposes of appeal.

The trial court's conclusion that defendant had failed to prove damage to its truck followed its rulings denying defendant's proffered damage testimony. On appeal defendant challenges these evidentiary rulings. We conclude they were erroneous and reverse and remand.

The first ruling denied defendant's proffer to show the before-and-after damage to its truck and the cost of repairing it. Defendant's witness was William Johnson, who for 20 years had been its maintenance manager. When Johnson was questioned about the cost of repairing defendant's truck plaintiff objected, without stating grounds, and the court sustained the objection. Defense counsel then made a formal proffer to show by Mr. Johnson that defendant owned several similar trucks; that he supervised the truck's repairs and knew truck values; that the damaged truck had diminished $1,500 in value, from $22,000 to $20,500; that it would cost $900 to repair it.

Plaintiff's first objection was that since the truck was owned by a corporation and witness Johnson himself was not the owner, his proffered damage testimony was inadmissible and could come in only by an expert witness. We disagree.

Plaintiff concedes that an individual property owner is qualified to testify as to value. A long line of cases so holds. See Evidence, 12A Mo.Dig., ⊶474(18). To decide if this rule should apply to corporate owners we look to its rationale.

In *State ex rel. Spears v. McCullen*, 357 Mo. 686, 210 S.W.2d 68[10–12] (1948), the court held "it has long been the rule that an 'owner of an automobile without further

qualification may testify as to its reasonable value, and the jury determines the weight and value of such testimony'. . ." In *Stockton v. Tester*, 273 S.W.2d 783[14] (Mo.App.1954), Judge Ruark wrote: "The courts are liberal in permitting an owner to testify as to the value of his property." In *Shelby County R–IV School District v. Herman*, 392 S.W.2d 609[6–10] (Mo.1965), the court held an owner's estimate of value is admissible, even though he is not qualified as an expert, upon the assumption he is particularly familiar with it. And, in *Hood v. M.F.A. Mutual Insurance Company*, 379 S.W.2d 806[9–11] (Mo.App.1964), Judge Stone, citing numerous cases in support, wrote ". . . the owner of personalty usually is permitted to testify as to its reasonable market value, although he may not have sufficient knowledge to qualify as an expert."

As said, plaintiff's objection to the proffered value testimony was that witness Johnson, not being the owner of the damaged property, was unqualified to give his opinion of value. We find that illogical. We see no reason—and plaintiff suggests none—that a corporate owner should have less right than an individual owner to give a valid opinion of value. A corporation, as an artificial person, can only speak through its authorized personnel. Here, witness Johnson was defendant's long-time maintenance manager. He knew the before-and-after value of the damaged truck and the extent and cost of its repair. The reason for the rule allowing an owner to give an opinion of the value of his property is that his unique familiarity with the property gives relevance to his opinion of its value, the weight of that opinion being a jury issue. That right should not be denied a corporate owner who cannot speak itself but can convey that opinion by a corporate manager familiar with the property. Although we find no Missouri case as to corporate ownership specifically so holding, we do so as a logical extension of the rule as to personal ownership. Courts of other states have so held, as indicated by annotations to the two textual statements and the case noted marginally.[1]

◼ The second basis for the trial court's ruling denying defendant's proffer of Mr. Johnson's value testimony was that defendant had failed to disclose his identity in response to plaintiff's interrogatory. That interrogatory asked defendant to name persons "defendant expects to call as an expert witness." Defendant responded by naming George Brown who would testify as to the sequence of traffic control lights.

An "expert witness" has been defined as "one who by reason of education or specialized experience possesses superior knowledge respecting a subject about which persons having no particular training are incapable of forming an accurate opinion or of deducing correct conclusions." *Giambelluca v. Missouri Pacific Railroad Company*, 320 S.W.2d 457[2–4] (Mo.1959). The normal use of the term applies to a witness "retained by a party in relation to litigation." See Advisory Committee Notes to Federal Rule 26. Here, witness Johnson was not retained by defendant to testify. He was defendant's maintenance manager, familiar with maintenance and the value of defend-

---

1. Section 134 of 31 Am.Jur.2d, Expert and Opinion Evidence, states: "Thus, a corporate officer is competent to testify to the value of property belonging to the corporation, where, by reason of his management of its affairs, his personal knowledge of the property, and his information as to surrounding values, he is qualified in fact." Section 546(116) of 32 C.J.S. Evidence states: "It has been held that the rule that the owner is qualified applies to corporate as well as individual owners, and that the managing officer of a corporation may testify as to the value of property owned by the corporation." For example, see *Hellstrom v. First Guaranty Bank*, 54 N.D. 166, 209 N.W. 212, 45 ALR 1487 (1926), holding: "We know of no reason why the salutary rule of evidence which permits an owner of real estate to testify to its value, upon showing the qualifications required of such owner, should not apply to the managing officer of a corporation owning real estate, if such officer shows sufficient knowledge of market value to bring him within the rule. Counsel have cited no authorities to the contrary, and we have found none. Therefore, if the witness Lahr has shown the same knowledge of the market value of this land which would be required of him if he were the individual owner of the same, it should be sufficient."

ant's vehicles. We do not fault defendant for failure to name Mr. Johnson as an "expert witness." Plaintiff relies on Civil Rule 56.01(b)(4) requiring pretrial identification of experts who hold opinions "acquired or developed in anticipation of litigation." Mr. Johnson was not such a witness. He was defendant's *alter ego* and his knowledge of the extent of defendant's damages arose long before litigation.

Furthermore, plaintiff's two arguments against Mr. Johnson's qualifications are inconsistent. Plaintiff raised a two-pronged argument to Johnson's testimony: first, as outlined above, that his proffered testimony of value was inadmissible because Johnson was *not* an expert witness and, second, that in answering plaintiff's interrogatory defendant failed to name Johnson as an expert witness.

In view of the weakness of defendant's grounds against Mr. Johnson's value testimony we conclude the trial court erred in applying the harsh sanction of excluding his testimony.

Judgment reversed and cause remanded for a new trial on defendant's counterclaim.

SMITH and McMILLIAN, JJ., concur.