**Paul R. JOHNSON and Audrie Johnson, Plaintiffs–Appellants,**

v.

**Donald L. SUMMERS, Defendant–Respondent.**

**No. 11734.**

Missouri Court of Appeals, Southern District, Division Two.

Nov. 26, 1980.

Lynn C. Rodgers, Woolsey, Fisher, Whiteaker, McDonald & Ansley, Springfield, for plaintiffs–appellants.

Rodney E. Loomer, Turner, Reid, Duncan & Loomer, Springfield, for defendant–respondent.

MAUS, Judge.

By their petition the plaintiffs sought to recover $1656.30 for damages to their automobile and $204.92 for loss of use of that automobile because of the defendant's negligence in causing a rear–end collision. Upon a jury waived trial, the trial court found the issue of liability in favor of the plaintiffs. However, the trial court also found the plaintiffs had failed in their proof of damages and entered a judgment for the defendant and assessed the costs against the plaintiffs who appeal.

■ There was undisputed evidence of some consequential damage to the plaintiff's automobile. Therefore, assuming the evidence was not sufficient to afford a basis for the calculation of the amount of damages, the plaintiffs were entitled to a judgment for nominal damages. *Auffenberg v. Hafley*, 457 S.W.2d 929 (Mo.App.1970).

■ There was some evidence of damages. Plaintiff, Paul R. Johnson, was asked the cost to repair the vehicle, but upon objection he was not permitted to answer. The cost of actual repairs is competent evidence. *Misch v. C. B. Contracting Company*, 394 S.W.2d 98 (Mo.App.1965). While the evidentiary value of that cost is subject to the limitations of reasonableness and enhancement of value, *Hayes v. Dalton*, 257 S.W.2d 198 (Mo.App.1953), the objection was not made or sustained on that basis and from the record it appears the plaintiffs were not able to develop those facets of the evidence. The fact the charges for the actual repairs had been paid would have been some evidence of reasonableness. *Winter v. Elder*, 492 S.W.2d 146 (Mo.App. 1973). Johnson also testified to his need for a substitute automobile and that he paid $204.92 for rental of a substitute. Again, while the evidentiary value of that fact is subject to limitations, *Stallman v. Hill*, 510 S.W.2d 796 (Mo.App.1974), that payment is competent evidence. 15 Blashfield Auto Law 3rd Ed., § 480.9, p. 38. Johnson also testified that "he assumed" the depreciation of the automobile caused by the collision was between $1500 and $2000. As an owner of the vehicle, Johnson was competent to testify concerning its value before and after the collision. *Krug v. United Disposal, Inc.*, 567 S.W.2d 133 (Mo.App.1978). While damages should be established by testimony concerning the value before and after, an opinion concerning the loss of value is not without some probative value. *Rourke v. Holmes St. Ry. Co.*, 221 Mo. 46, 119 S.W. 1094 (1909). However, the trial court could have found Johnson's testimony to be a "guess" rather than a considered opinion. *Hood v. M.F.A. Mutual Insurance Company*,

379 S.W.2d 806 (Mo.App.1964). Because the plaintiffs were entitled to a judgment, the judgment entered must be reversed. *Auffenberg v. Hafley*, supra. The judgment is reversed. The cause is remanded for a new trial upon the issue of damages.

BILLINGS, P. J., and HOGAN, J., concur.