Helen **BULLINGTON,**
Plaintiff-Respondent,

v.

**Clarence MOATS, d/b/a Moats Body Shop, Defendant-Appellant.**

No. 13857.

Missouri Court of Appeals,
Southern District,
Division One.

July 19, 1985.

**898**

No appearance for plaintiff-respondent.

Charles M. Wesley, Waynesville, for defendant-appellant.

TITUS, Presiding Judge.

Plaintiff filed suit in the small claims court (§ 482.300 et seq., V.A.M.S.) asking $1,000 in damages from defendant because defendant allegedly damaged plaintiff's car (1) when defendant, in repainting it, caused "multiple defects in said paint job" and (2) when the windshield thereon was damaged while in defendant's possession. The small claims court dismissed the cause and plaintiff appealed de novo to the circuit court which, after trial, awarded plaintiff a judgment of $284.09 representing the only evidence adduced as to the cost of repairing the broken windshield. Defendant appealed.

Ninety per centum, or more, of the statement of facts in defendant's brief is devoted to a recitation of evidence and testimony anent plaintiff's complaint of the "multiple defects in said paint job." From the noted judgment, supra, the trial court obviously found against plaintiff and in defendant's favor on the "paint job" claim. *Birmingham v. Coen,* 320 S.W.2d 509, 510[1] (Mo. 1959). Ergo, it escapes us why defendant should allot so much of his statement of facts to recasting evidence foreign to the points raised on appeal. Rule 84.04(c), V.A.M.R. commands: "The statement of facts shall be a fair and concise statement of the facts *relevant to the questions presented for determination* without argument. Such statement of facts may be followed by a resume of the testimony of each witness *relevant to the points presented.*" (Emphasis supplied.) Most of the statement of facts in defendant's brief was neither "relevant to the questions presented for determination" nor was the boring recitation of each witness' testimony "relevant to the points presented." Albeit, for the reasons just stated, we could dismiss the appeal under Rule 84.08(b), V.A.M.R., a brief examination of the two points relied on will be undertaken.

In toto, defendant's first point relied on reads: "The trial court erred in failing to sustain defendant's motion for a directed verdict at close of plaintiff's evidence for the reason that plaintiff's evidence failed to sustain the burden of proof as there was no competent evidence as to the fact that defendant broke plaintiff's windshield, where or when it was broken, and there was no substantial evidence of the before and after value of plaintiff's vehicle so as to support the damages awarded." Apart from the fact the point, as written, does utter violence to the dictates of Rule 84.04(d), V.A.M.R., we note that following denial of defendant's "motion for a directed verdict" in the court-tried case at the conclusion of plaintiff's evidence, defendant offered evidence of his own and did not renew said motion at the close of all the evidence. In so doing, defendant waived any right to appellate review of the correctness vel non of the court nisi's denial of his motion made at the close of plaintiff's case. *McRaven v. F-Stop Photo Labs, Inc.,* 660 S.W.2d 459, 460[1] (Mo.App.1983); *Dockery v. Mannisi,* 636 S.W.2d 372, 375[1] (Mo.App.1982).

Defendant's second and final point relied on: "The trial court erred in awarding plaintiff damages in the amount of $284.09 for the reason there was no evidence as to the before and after value of plaintiff's vehicle nor was there competent evidence as to the cost to repair or replace plaintiff's

damaged windshield at or near the time of the loss."

Anyone even slightly conversant with the mandates of Rule 84.04(d), V.A. M.R., will quickly see that defendant's final point is written in complete disregard thereof. However, we will in this particular instance disregard the rule's violations and note that in answering plaintiff's requests for admissions defendant, although denying the windshield was not damaged when the car was delivered to him, did admit "that when the car was returned to Plaintiff, the windshield was damaged." Nevertheless, when plaintiff's expert witness testified the cost of replacing the windshield would be $284.09, the amount of the judgment, defendant's lone objection thereto was: "No evidence as to reasonable costs of repairs in the windshield business area." Defendant's trial objection to the expert's testimony was not predicated upon a claim that "there was no evidence as to the before and after value of plaintiff's vehicle" or that such testimony was not "competent evidence as to the cost of repair or replace plaintiff's damaged windshield at or near the time of the loss." Of course, a point not raised or presented to the trial court and raised for the first time in the appellate court is not preserved for review upon appeal. *Jones v. Jones*, 658 S.W.2d 483, 488[7] (Mo.App.1983). Moreover, sans proper objection, cost of actual repairs to plaintiff's automobile was competent evidence as to its damages. *Johnson v. Summers*, 608 S.W.2d 574, 575[2] (Mo. App.1980).

The judgment nisi is affirmed.

FLANIGAN and GREENE, JJ., concur.