**Ronald CLAAS, Substitute Plaintiff for Farmers Insurance Company, Inc., Appellant,**

v.

**Nathan MILLER, Respondent.**

**No. WD 43459.**

Missouri Court of Appeals, Western District.

April 2, 1991.

Jeffrey Parshall, Columbia, for appellant.

Marvin W. Opie, Versailles, for respondent.

Before BERREY, P.J., and TURNAGE and GAITAN, JJ.

GAITAN, Judge.

This is an appeal from the dismissal of plaintiff-appellant's, Ronald Claas, cause of action for property damages resulting from an automobile accident. The dismissal ostensibly was twofold: (1) failure to join a necessary party; and (2) insufficient evidence of damages. We reverse and remand.

On or about January 4, 1990, Farmers Insurance Company, Inc. (hereinafter "Farmers") filed its first amended petition (hereinafter "petition") against defendant Nathan Miller. Farmers sought damages from Miller arising out of an automobile accident occurring on July 31, 1988. In the petition Farmers alleged that at the time of the accident, Peter Claas was operating a 1985 Chevrolet Caprice owned by Ronald Claas and insured by Farmers. The petition further alleged that the automobile driven by Peter Claas collided on a roadway in Morgan County with a cow owned by Miller.

On the morning of trial, February 20, 1990, counsel for plaintiff Farmers and defendant Miller, stipulated that Ronald Claas, as the named insured under Farmer's automobile policy covering the 1985 Chevrolet Caprice automobile, be substituted as a party plaintiff.

At trial, Peter Claas testified that he was driving his father's automobile on July 31, 1988, at approximately 3:30 a.m. when he became involved in a collision with a cow. At the time of the accident, the weather conditions were clear and dry, and no other cars were on the roadway. The speed limit at the location of the accident was 55 m.p.h. At the scene of the accident there was no lighting other than the Caprice headlights.

As he rounded a corner on Route D heading for Sedalia, Peter Claas saw approximately 10 to 15 cows in and around the roadway. He immediately applied the brakes but collided with one of the cows. Nothing obstructed his vision immediately before the accident. Immediately following the accident, he pulled the car over and the Highway Patrol was called.

Trooper Michael D. Kingree testified that he was the Missouri Highway Patrolman called to investigate this accident. He arrived at the scene at approximately 5:40 a.m. and noticed a Black Angus cow laying on the right shoulder of the road. Just past the cow was the 1985 Chevrolet automobile. The car had sustained damage to the front and right side. Specifically, the vehicle sustained extensive damage to the front right from the center of the car and up and over the right front fender and down the right side. The headlights, fender, bumper and the whole center part of the right side of the automobile were damaged.

As part of his investigation, Trooper Kingree followed hoof prints left by the various cows located on and around the roadway through a cornfield, onto a gravel road and through a gate opening. The gate opened into a field where several cows were located. He tracked numerous sets of hoof prints from the accident scene to the open gate. Trooper Kingree described the gate as a cattle panel laying on the ground instead of being upright.

Trooper Kingree then contacted Nathan Miller, who accompanied him to the accident scene. The cow was still on the shoulder of the road. Miller identified the cow as his own and he said he would remove the cow. Subsequent to the identification at the accident scene, Miller told Trooper Kingree that he had removed the cow and butchered it in order to feed his family.

Ronald Claas testified at trial that his automobile was involved in the accident on July 31, 1988. He purchased this automobile new for approximately $11,000 in 1985. At the time of the accident, the automobile was in good working condition and had approximately 35,000 miles on it.

Ronald Claas testified that in his opinion, the fair market value of the 1985 Chevrolet Caprice automobile immediately preceding the accident on July 31, 1988, was approximately $9,000.

Ronald Claas saw his Chevrolet Caprice the afternoon of the accident. The front end and right side were heavily damaged. He took photographs of the damage sus-

tained to his car. These photographs were admitted into evidence without objection. The automobile was not driveable following the accident, and was eventually sold for salvage.

When questioned as to the fair market value of his automobile immediately following the accident, Ronald Claas stated his car was "not worth very much, perhaps a couple thousand dollars." Counsel for Miller objected to this statement and the court sustained the objection and struck the responses.

Ronald Claas then testified that to him the automobile was not worth anything. Counsel for Miller objected to this response and the court struck this response. The court did not allow further attempts by plaintiff's counsel to question Ronald Claas as to his opinion of the reduction of the fair market value of his automobile.

Upon cross-examination, Ronald Claas revealed that the automobile was titled in his name and his wife's name. He further revealed that he was married to his wife, Sally, at the time of the accident and he was still married to her as of the date of the trial.

In view of the evidence presented, plaintiff's counsel orally moved to add Sally Claas as an additional party plaintiff. Counsel for Miller objected and stated that the offer was untimely and would serve as the basis for a motion to dismiss. The trial court sustained the objection and denied counsel for plaintiff the opportunity to add Sally Claas.

In view of the trial court's denial to add Sally Claas as plaintiff, counsel for plaintiff rested. Counsel for Miller immediately orally moved to dismiss the case for failure to join Sally Claas as a plaintiff for the reason that she was a co-owner of the vehicle at issue. Counsel for Miller argued that she was a "necessary party" and she had not been joined. He further argued that the case should be dismissed for failure to prove damages.

The trial court sustained the motion to dismiss without specifying the reason for such dismissal. This appeal followed.

## I.

Missouri Rule of Civil Procedure 52.06 states that "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Furthermore, the trial court either failed to apply or incorrectly applied the provisions of Missouri Rule of Civil Procedure 52.04 which sets forth the standard for joinder of persons needed for just adjudication. Sections (a) and (b) state:

(a) Persons to be Joined if Feasible. A person shall be joined in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant.

(b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent party being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which by protective provisions in the judgment by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have

an adequate remedy if the action is dismissed for nonjoinder.

Rule 52.04(a) and (b).

The trial court's ruling is erroneous and is an abuse of discretion in that it is contrary to existing law and should be reversed under the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

Rule 52.04 clearly sets forth the standard by which a court shall determine if a person is "necessary." The rule also states that if the court makes a determination that a person is "necessary" the court "shall order that he be made a party." If this person so determined to be "necessary" refuses to join the action, the person may be made a defendant.

Only if a person as described above cannot be made a party, whether plaintiff or defendant, then in accordance with Rule 52.04(b) the court "shall" determine whether the action shall proceed among the parties before the court or dismiss the action as the absent party being thus regarded as indispensable.

■ The trial court did not follow the procedures and standards set forth in Rule 52.04 pertaining to joinder of persons needed for just adjudication. If the trial court agreed with respondent that Sally Claas was a "necessary" person and needed for just adjudication, the trial court is bound to follow Rule 52.04 which mandates that a person shall be made a party.

The trial court's ruling cannot withstand scrutiny. No determination was made pursuant to subpart (b) of Rule 52.04 with respect to whether the action could proceed among the parties before the court. Trial counsel for Miller agreed immediately prior to trial, and the court granted leave, to allow Ronald Claas to be substituted for Farmers as party-plaintiff. Less than one hour later, when Ronald Claas disclosed upon cross-examination that he owned the automobile jointly with his wife, Sally Claas, appellant's counsel requested leave to join Sally Claas with her husband. Less than one hour after agreeing to substitute Farmers with Ronald Claas, respondent's counsel objected to the addition of Mr.

Claas' wife. Any conceivable prejudice that might result by her addition could easily have been cured by a recess or continuance at that time.

■ However, the trial court never considered any of the four factors set forth in Rule 52.04(b): whether either party would be prejudiced if the matter was continued to allow respondent time to prepare or conduct discovery with respect to Sally Claas; whether any protective provisions could be made in the judgment whereby Sally Claas would be bound by the judgment so entered; or whether plaintiff would have an adequate remedy if the court were to dismiss the action for nonjoinder of Ms. Claas. Having failed to follow the provisions of Rule 52.04, the trial court's ruling cannot stand.

In *Kingsley v. Burack*, 536 S.W.2d 7 (Mo.1976), the Missouri Supreme Court examined Missouri Rule of Civil Procedure 52.04 and reversed the trial court's dismissal, finding that the trial court did not consider the criteria set forth in Rule 52.04. *Kingsley*, 536 S.W.2d at 10, 13. The court determined that whether or not a person is "indispensable" must be determined by applying the criteria of the rule and that the finding of indispensability is the "end result—not the starting point." *Id.* at 11.

The court in *Kingsley* reversed the trial court's judgment of dismissal and remanded stating that upon remand, plaintiff should amend his petition to comply with the appropriate rules and the matter could then proceed in accordance with Rule 52.04. *Id.* at 13; *see also Nelms v. Bright*, 299 S.W.2d 483, 486–92 (Mo.1957) (reversed and remanded the trial court's decision to dismiss plaintiff's wrongful death suit where she had attempted to add her minor brother as a party-plaintiff but had not been allowed to by the court). As in *Kingsley* and *Nelms*, this case is reversed and remanded to permit plaintiff's wife to be added as a party-plaintiff.

## II.

■ Because of our ruling on point one, it is not essential that we decide the issue

of sufficiency of the damage evidence. However, we shall consider that question inasmuch as it may arise on retrial. The general rule for the measure of damages for injury to person or property such as an automobile is the difference between its reasonable market value before and after the damage. *Groves v. State Farm Mut. Auto. Ins. Co.*, 540 S.W.2d 39, 43 (Mo. 1976). In *Groves*, the Missouri Supreme Court held that evidence of the difference between the reasonable market value of plaintiff's automobile before and after the destruction of a portion of the automobile clearly was admissible. *Id.*

Missouri courts allow the owner of the vehicle to testify concerning its value before and after the collision. *Johnson v. Summers*, 608 S.W.2d 574, 575 (Mo.App. 1980). In *Johnson*, plaintiff testified that he "assumed" the depreciation of the automobile caused by the collision was between $1,500 and $2,000. The court determined that "as an owner of the vehicle, Johnson was competent to testify concerning its value before and after the collision." *Id.* (citing *Krug v. United Disposal*, 567 S.W.2d 133 (Mo.App.1978)). The trial court in *Johnson* found the issue of liability in favor of plaintiff. However, it found that plaintiffs had failed in their proof of damages and entered judgment for defendant. The appellate court reversed finding that plaintiffs were entitled to judgment and remanded the cause for a new trial upon the issue of damages. 608 S.W.2d at 576. The court found that there was "undisputed evidence of some consequential damage to the plaintiff's automobile." *Id.* at 575. The court therefore concluded that assuming the evidence was not sufficient to afford a basis for the calculation of the amount of damages, plaintiffs were entitled to a judgment for at least nominal damages. *Id.* (citing *Auffenberg v. Hafley*, 457 S.W.2d 929 (Mo.App.1970)). Under the authority of *Johnson*, the trial court's judgment in favor of respondent on respondent's oral motion to dismiss for lack of sufficient evidence concerning damages is erroneous. Ronald Claas is competent to give his opinion as to the fair market value of his automobile following the collision.

Missouri law clearly defines that "one whose wrongful conduct has rendered difficult the ascertainment of damages cannot escape liability because the damages cannot be measured with exactness." *Ohlendorf v. Feinstein*, 670 S.W.2d 930, 933 (Mo. App.1984). Furthermore, where the fact of damage is caused by a defendant's wrongdoing and this fact is clear, "[i]t is reasonable to require a lesser degree of certainty as to the amount of loss, leaving a greater degree of discretion to the jury, subject to the usual supervisory power of the court." *Id.*

Appellant made a prima facie case under Mo.Rev.Stat. § 270.010 (1986), by proving the time and place of the accident, ownership of the cow by Miller, and damages sustained by Claas. *See Beshore v. Gretzinger*, 641 S.W.2d 858, 862 (Mo.App. 1982). The trial court took judicial notice of the statute.

For the aforesaid reasons, the judgment of the trial court is reversed and remanded. The trial court shall permit the plaintiffs to amend and add his wife as a party plaintiff. Thereafter, the trial court shall permit whatever additional evidence necessary and appropriate in accordance with this decision.

All concur.