Catherine I. WARD, Appellant,

v.

BANK MIDWEST, NA, Respondent.

No. WD 48658.

Missouri Court of Appeals,
Western District.

March 15, 1994.

Theodore M. Kranitz, Kranitz & Kranitz, St. Joseph, for appellant.

Frank H. Strong, Barry L. Anderson, Strong, Strong & Prokes, Maryville, for respondent.

Before TURNAGE, C.J., and LOWENSTEIN and HANNA, JJ.

TURNAGE, Chief Judge.

Catherine Ward appeals the dismissal of her action for a declaratory judgment against Bank Midwest, NA, seeking a declaration that Bank Midwest should be required to repay certain funds removed from a trust. The motion to dismiss claimed that Ward's failure to join an indispensable party required dismissal under Rule 52.04. Reversed and remanded.

Catherine Ward is the sole income beneficiary of a testamentary trust established by the last will and testament of Iris Brown who died on June 29, 1990. Terry Sheddrick is the trustee and was also the personal representative. Prior to her death, Brown opened a checking account with Citizens Bank of Grant City which has since been renamed Bank Midwest, NA. Brown executed an authorization by which Sheddrick could sign checks drawn on this account. The checking account constituted part of the trust res.

After Brown's death, Sheddrick wrote seven checks for his personal use and benefit which Bank Midwest honored and paid. Ward filed a petition for declaratory judgment seeking a declaration that Bank Midwest should be directed to repay the trust the amount of the balance at the time of Brown's death plus interest and for other relief. Bank Midwest filed its motion to dismiss in which it claimed that based on Rule 52.04 the action must be dismissed for the failure to join indispensable parties (the trustee and residuary beneficiaries). The trial court sustained the motion to dismiss without specifying the reason for dismissal and Ward now appeals that decision.

■ This court will affirm the trial court's decision "if any ground cited in the motion is valid." *State Farm Fire & Casualty Co. v. Alberici*, 852 S.W.2d 388, 389 (Mo.App.1993). In its brief Bank Midwest asserts the dismissal was proper under § 527.110 and § 527.060 RSMo 1986. When the trial court sustains a motion to dismiss without supplying reasons this court will assume the trial court sustained the motion on the grounds listed in that motion. *Mo. Dept. of Social Services v. AGI–Bloomfield Convalescent Center, Inc.*, 682 S.W.2d 166, 167–68[1] (Mo. App.1984). Consequently, since the motion

to dismiss only cited Rule 52.04, Bank Midwest's argument that § 527.110 and § 527.060 serve as a basis for the trial court's decision will not be entertained.

■ In determining whether an action must be dismissed for failure to join a party, the trial court must apply the provisions of Rule 52.04. Under subpart (a) of Rule 52.04, the court must first determine if the person not joined is necessary to the action. Then, if the person is necessary and has not been joined, "the court shall order that he be made a party." Rule 52.04(b) provides for a situation in which a necessary party under subpart (a) cannot be joined. The court must decide if the person is indispensable by considering four listed factors. Only if the person is determined to be indispensable and cannot be joined should the action be dismissed.

■ The failure of a trial court to follow the procedures in Rule 52.04 to make the proper determinations before granting a dismissal is grounds for reversing the trial court's order. In *Claas v. Miller*, 806 S.W.2d 141 (Mo.App.1991), the trial court sustained a motion to dismiss for failure to join a necessary party without specifying the reasons for its decisions. This court reversed due to the failure of the trial court to follow the procedures and standards of Rule 52.04. Specifically, the court noted that the trial court had failed to join the necessary party under Rule 52.04(a) or make a determination of indispensability under the criteria of Rule 52.04(b). The court stated:

> whether or not a person is "indispensable" must be determined by applying the criteria of the rule and ... the finding of indispensability is the "end result—not the starting point."

*Id.* at 144[2], *quoting Kingsley v. Burack*, 536 S.W.2d 7, 11[3] (Mo.1976).

The trial court here also failed to follow the procedures and standards of Rule 52.04. If the trial court agreed that the trustee and residuary beneficiaries were necessary parties, it should have ordered that they be joined. If the trustee and residuary beneficiaries were necessary and could not be joined, the trial court should have made a determination pursuant to 52.04(b) as to whether these persons were indispensable by considering the four listed factors. There is nothing in the record showing that the trial court followed these procedures and made a determination of indispensability based on the factors listed in Rule 52.04(b).

The judgment of dismissal is reversed and the cause is remanded with directions to make a finding of whether or not the trustee and residuary beneficiaries are necessary parties and if it so finds to order them joined as party defendants. If the court finds they are necessary parties and can not be joined, it shall follow the procedure in Rule 52.04(b).

All concur.