**Frank D. EMMENDORFER,
Plaintiff-Appellant,**

v.

**CRADER TIRE AND RETREAD SERVICE, INC., Defendant-Respondent.**

No. 46959.

Missouri Court of Appeals,
Eastern District,
Southern Division.

April 17, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Denied May 17, 1984.

Richard G. Steele, Cape Girardeau, for plaintiff-appellant.

Thomas Arthur Ludwig, Jackson, for defendant-respondent.

KAROHL, Judge.

Plaintiff-appellant sought and the trial court denied a mandatory injunction to order defendant to replace a substantial quantity of dirt respondent caused to be removed from property subsequently purchased by the appellant. Appellant dismissed Count I, seeking damages, without prejudice and proceeded only on his claim for equitable relief. Appellant alleged he had no adequate remedy at law because his land was not serviceable unless the dirt was restored. The trial court in the findings of fact and conclusion of law opined that he would grant appellant's prayer if he had the power. It found, however, an equitable right cannot be assigned to form a basis for a cause of action requesting a mandatory injunction.

In 1977, defendant-respondent purchased 2.499 acres situated immediately north of 14.34 acres then owned by the Wedekinds. In the summer of 1978 and while appellant was negotiating to purchase the Wedekinds' land, respondent hired a grading contractor to build a road along the common boundary of the two tracts. In the process the contractor moved at least 3,455 cubic yards of dirt from the Wedekinds' land onto the respondent's land. The work was completed in 1978. Appellant bought the Wedekinds' land on April 10, 1979 and requested the respondent to restore the dirt taken the previous year. Appellant claims that in August, 1978, the Wedekinds orally assigned to him their claim against the respondent. He obtained a written assignment of the claim on December 1, 1980, twenty months after his purchase of the Wedekinds' land. The request for the injunction was filed on April 17, 1981, two years after the purchase. The validity of the assignment as a basis for an action at law for damages is not in issue.

■ This appeal raises only one question, may an assignee have a mandatory injunction to cure a non-fraudulent wrong done to his assignor's land where the actions causing injury were all done before assignment? We conclude that he cannot.

In *Monticello Bldg. Corporation v. Monticello Inv. Co.*, 330 Mo. 1128, 52 S.W.2d 545 (1932), the court denied an injunction to prevent the foreclosure of a first deed of trust. The court held that the intervenor, who had purchased some of the bonds that were secured by the first deed of trust was not entitled to equitable relief because, "[o]ne may purchase a cause of action at law and enforce all legal rights which go with it, but the right to appeal to the conscience of the court of equity cannot be bought or sold." (citations omitted). *Monticello* at 552.

■ In 1951 our Supreme Court acknowledged this to be the general rule in *Leone v. Bear*, 362 Mo. 464, 241 S.W.2d 1008, 1012 (1951), but noted that there is an exception. The *Leone* exception permits equitable relief when there is a question of fraud concerning a transfer of real property. (citations omitted). *Leone* at 1012. The exception is not helpful to the plaintiff here because it applies only to a claim of fraud concerning the transfer of real estate. In the case at bar the general rule and not the exception applies.

■ Appellant argues that since the Wedekinds' claim could or would survive their death and be available to a personal representative it is assignable. § 537.010 RSMo 1978; *State ex rel. Park Nat. Bank v. Globe Indemnity Company*, 332 Mo. 1089, 61 S.W.2d 733, 735 (Mo.1933). The argument is sound but it applies only to the enforcement of assigned causes of action at law in tort suits for damages and not in equity except as recognized in *Leone*.

■ As an equitable claim cannot be assigned plaintiff did not have a cause of action at the trial level. Without a cause of action before it the trial court did not have jurisdiction. *Chuning v. Calvert*, 452 S.W.2d 580, 585 (Mo.App.1970). "When the court lacks subject matter jurisdiction any action that it takes is null and void," *Parmer v. Bean*, 636 S.W.2d 691, 695 (Mo.App.

**550**

1982), except for the determination of lack of jurisdiction. As a result the findings of fact made by the trial court do not bind the parties on the merits. *State ex Inf. Voights ex rel. Mayor of Liberty v. City of Pleasant Valley*, 453 S.W.2d 700, 704 (Mo. App.1970).

■ In view of our holding in this case we need not address respondent's argument urging that we dismiss the appeal. Respondent questions the adequacy of appellant's statement of facts, contends that the appeal is frivolous and requests an assessment of damages. The facts necessary to this appeal are discernible in appellant's statement of facts. The issue of law, although not original in this jurisdiction, has not previously been decided on similar facts. We find that the appeal was brought in good faith and that it was not frivolous. For these reasons and considering that the litigation was precipitated by the admittedly intentional and wrongful act of the respondent we decline to assess damages.

We affirm.

DOWD, C.J., and CRANDALL, J., concur.