Judy **CRUMBAKER**, Appellant,

v.

Albert **ZADOW** and The American Insurance Company, Respondents.

No. ED 84398.

Missouri Court of Appeals, Eastern District, Southern Division.

Dec. 7, 2004.

---

1. All rule references are to Mo.R.Crim.P. 2004, unless otherwise indicated.

Susan K. Roach, Shaun M. Falvey (co-counsel), Clayton, MO, for appellant.

Richard S. Bender, David G. Bender (co-counsel), Clayton, MO, for respondents.

## OPINION

GLENN A. NORTON, Judge.

Judy Crumbaker appeals the judgment dismissing her claims for suit on a notary bond and infliction of emotional distress and denying her motion for leave to amend the petition. We reverse and remand.

### I. BACKGROUND

Crumbaker filed a petition against Albert Zadow, a notary public, and his surety, The American Insurance Company (collectively "Zadow"), alleging that Zadow falsely certified that several quitclaim deeds had been executed in person. The deeds transferred several pieces of real estate from Leslie Rees ("the grantor") to his former wife, Eleanor Finneran ("the grantee"). The grantor had since died, and Crumbaker was an heir to his estate. Crumbaker also alleged that Zadow's conduct caused her emotional distress.

Zadow moved to dismiss the petition, arguing that (1) Crumbaker lacked standing because she had no interest in the properties transferred by the deeds, some of which already had been awarded to the grantee in a decree dissolving her marriage to the grantor and (2) the suit could not proceed without the grantee because she was a necessary and indispensable party who could not be joined in the suit by virtue of a release agreement. At the trial court's request, the parties filed copies of the dissolution decree and the release. Crumbaker also sought leave to amend the petition to join the grantee as an additional defendant. Without explanation, the court granted Zadow's motion to dismiss and denied Crumbaker's motion to amend.

### II. DISCUSSION

We will affirm this judgment if it can be sustained on any ground alleged in the motion to dismiss. *Farm Bureau Town and Country Insurance Company of Missouri v. Angoff*, 909 S.W.2d 348, 351 (Mo. banc 1995). The judgment cannot be sustained on the standing ground, and proper procedure was not followed for it to have been sustained on the necessary and indispensable party ground. Thus, we must reverse and remand.

#### A. Standing

"Reduced to its essence, standing roughly means that the parties seeking relief must have some personal interest at stake in the dispute, even if that interest is attenuated, slight or remote." *Ste. Genevieve School District R II v. Board of Aldermen of City of Ste. Genevieve*, 66 S.W.3d 6, 10 (Mo. banc 2002). This "personal stake" is shown by alleging a threatened or actual injury resulting from the challenged action. *Rodriguez v. Suzuki Motor Corp.*, 996 S.W.2d 47, 53 (Mo. banc 1999); *City of St. Louis v. K & K Investments, Inc.*, 21 S.W.3d 891, 895 (Mo.App. E.D.2000). We determine standing as a

matter of law based on the petition and any other non-contested facts accepted as true by the parties at the time of the motion to dismiss. *Home Builders Association of Greater St. Louis, Inc. v. City of Wildwood,* 32 S.W.3d 612, 614 (Mo.App. E.D.2000).

According to the petition, Zadow falsely certified that the deeds had been executed in his presence. The deeds were attached to and incorporated into the petition; they quitclaimed two properties on Monroe street, one on Marvin street and another on Burns street from the grantor and grantee, as husband and wife, to the grantee solely. It appears to have been uncontested at the time of the motion that the grantor had died and that Crumbaker was an heir to his estate. Also before the trial court at time of motion were (1) the dissolution decree, in which the court awarded the Monroe properties to the grantor and the Marvin property to the grantee, and (2) an agreement between the grantee, the grantor's estate, Crumbaker and the estate's other personal representative, in which the grantee agreed to convey the Marvin property to the estate and which also contained the following release:

> In consideration of the transfers set forth hereinabove, the parties hereto, for themselves, their representatives, their personal representatives, their heirs, officers, directors, employees, successors and assigns, their spouses, children and heirs as the case may be, do hereby, for themselves and all others, fully and forever remise, release and discharge the other of and from any and all causes of action of any type whatsoever, from the beginning of the world to the date of the execution of this Agreement, it being the intent and desire of the parties to fully and forever discharge each other of and from any and all causes of action of any type whatsoever.

Zadow argues that Crumbaker has no interest in the Monroe properties because title thereto had already transferred to the grantee by way of the dissolution decree and, therefore, those properties were not part of the grantor's estate regardless of the falsely notarized deed. Moreover, Zadow contends, Crumbaker has no standing to bring claims relating to any of these properties by virtue of the release. We disagree.

■ First, the dissolution decree did not automatically convey title. If the proceedings are conducted properly and the language of the decree is sufficient, then title to real property may be conveyed in a dissolution decree without further action by the parties. *DeWitt v. American Family Insurance Co.,* 667 S.W.2d 700, 706 (Mo. banc 1984). But a decree that "merely orders the parties to do certain acts and does not automatically convey the property by its plain language" is insufficient to effectuate a conveyance without an affirmative act by the parties. *Id.* Here, the decree plainly and expressly required the parties to "execute the needed papers to affect such disposition" of property and to provide legal descriptions. Thus, the grantor's interest in the Monroe properties remained unchanged by the issuance of the dissolution decree. Crumbaker, as his heir, has a personal stake in the validity of the deeds transferring those properties out of the grantor's estate. Zadow does not dispute that the Marvin and Burns properties would have been part of the grantor's estate but for the deeds. Thus, Crumbaker has a similar personal stake in the validity of those deeds.

■ Second, the release does not nullify her interest in these properties or impede her ability to seek relief for injury to that interest. Interpretation of a release is governed by the same principles applicable to any other contractual agree-

ment, and the primary rule of construction is to give effect to the parties' intent, which is to be determined solely from the four corners of the contract itself. *Andes v. Albano*, 853 S.W.2d 936, 941 (Mo. banc 1993); *Mid Rivers Mall, L.L.C. v. McManmon*, 37 S.W.3d 253, 255 (Mo.App. E.D.2000). On its face, this release plainly and unambiguously does not apply to claims against Zadow and the surety, who were not parties to the agreement and have not been shown to be otherwise subject to its terms or intended to be included in the scope of the release. The release is simply irrelevant to Crumbaker's standing in this case.

Crumbaker has standing to bring these claims, and the motion to dismiss should not have been sustained on that ground.

## B. Necessary and Indispensable Party

 After eliminating the propriety of granting the motion to dismiss based on standing, the only other ground raised in the motion on which this judgment could be based is the failure to join a necessary and indispensable party under Rule 52.04. We will affirm a trial court's decision under this rule unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it misinterprets or misapplies the law. *See Vahey v. Vahey*, 120 S.W.3d 288, 291 (Mo.App. E.D. 2003) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)).

 Under Rule 52.04, if the court determines that a necessary party has not been joined in the action, then "the court *shall* order that the person be made a party." Rule 52.04(a) (emphasis added). If it is not feasible to join the necessary party, then "the court *shall* determine" whether the party is indispensable—that is, whether in "equity and good conscience the action should proceed without the necessary party or be dismissed." Rule 52.04(b) (emphasis added). There is nothing in the record to indicate that the court followed this procedure or made these determinations in this case. The failure to follow this mandatory procedure and make the required determinations is reversible error. *See Ward v. Bank Midwest, NA*, 871 S.W.2d 649, 651 (Mo.App. W.D.1994); *Claas v. Miller*, 806 S.W.2d 141, 144 (Mo. App. W.D.1991). Likewise, it was an abuse of discretion to deny Crumbaker's motion for leave to amend her petition to add the grantee as a defendant in these circumstances. On remand, if the court determines that the grantee is not a necessary party, then the motion to dismiss must be denied. If the court agrees that the grantee's presence in the lawsuit is necessary, then she must be joined under Rule 52.04(a). If she cannot be joined, then the court must determine whether she is indispensable under the factors set forth in Rule 52.04(b). The case can only be dismissed under this rule if the grantee is found to be necessary, unable to be joined and indispensable.

## III. CONCLUSION

The judgment is reversed, and the case is remanded for disposition consistent with this opinion.[1]

KATHIANNE KNAUP CRANE, P.J. and BOOKER T. SHAW, J. concurring.

---

1. Crumbaker's motion to strike the respondents' brief is denied. Although we have considered the brief, we find it wholly unpersuasive.