Lisa ADAMS, et al., Appellants,

v.

Stefano COSSA, et al., Respondents.

No. ED 92601.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 29, 2009.

Gregory H. Wolk, Clayton, MO, for Plaintiffs/Respondents.

Gregory D. Vescovo, St. Louis, MO, for Defendants/Respondents.

Alexander R. Lumaghi, St. Louis, MO, Co-counsel for Defendants/Respondents.

## SHERRI B. SULLIVAN, P.J.

### Introduction

Lisa Adams (Adams), William O. Weindell and Pauline Weindell (collectively referred to as Weindells; Adams and Weindells collectively referred to as Plaintiffs) appeal from the trial court's grant of summary judgment in favor of Stefano Cossa and Susan Cossa (Cossas or Defendants) on Plaintiffs' First Amended Petition alleging misrepresentation.[1] We reverse the trial court's grant of summary judgment and remand for a hearing on Plaintiffs' remaining claim.

### Factual and Procedural Background

In their First Amended Petition, Plaintiffs alleged, as pertinent to the issues on appeal, that the Cossas executed a "Seller's Disclosure Statement" containing knowing misrepresentations and omissions as to the condition of the electrical system and sewage system of a house the Cossas sold to the Weindells. The Plaintiffs alleged, that in reliance on the Defendants' misrepresentations, the Weindells purchased the residence and consequently suffered damages due to undisclosed defects in the electrical and sewage systems. Plaintiffs further alleged that the Weindells assigned all of their rights, title, and interest in and to the cause of action to Adams.

---

1. Plaintiffs additionally alleged a breach-of-warranty claim in their petition; however, this count was directed solely toward Metropolis Building Inspection Services, a defendant below but not a party to this appeal.

Subsequently, the Cossas filed a Motion for Summary Judgment with exhibits and a supporting memorandum,[2] arguing that Plaintiffs' First Amended Petition failed to state a cause of action based upon standing to sue, privity of contract, and effectiveness of the assignment, and asking that the cause be dismissed. The Cossas contended that the assignment was ineffective because it was given after the Weindells transferred the property to Adams. The Cossas further asserted that none of the plaintiffs had standing to sue because: 1) the Weindells no longer owned the property when the misrepresentation claim was commenced; and 2) Adams had no privity of contract with Defendants.

In its October 20, 2008 Order and Judgment granting Defendants' Motion for Summary Judgment, the trial court found as follows:

It is undisputed that on October 29, 2005, Plaintiffs William and Pauline Weindell (the Weindells), as buyers, and Defendants Stefano and Susan Cossa (the Cossas), as sellers, entered in to a Residential Sales Contract for the real property known and numbered as 4900 Mehl Avenue, St. Louis, Missouri 63129 (the Property). On or about November 2, 2005, the Weindells entered into a Pre–Inspection Agreement relating to the Property with Defendant Metropolis Building Inspection Services (Metropolis). On December 19, 2005, the Cossas conveyed the Property to the Weindells pursuant to a General Warranty Deed. On May 10, 2007, the Weindells conveyed the Property to their daughter,

Plaintiff Lisa Adams (Adams), by Quit Claim Deed. On July 25, 2007, the Weindells and Adams executed an "Assignment" whereby the Weindells "assign[ed], transfer[red] and convey[ed] to Adams, its [sic] successors and assigns, all of its [sic] right, title and interest in the following: All of its [sic] claim and claims, compensation, reimbursement, choses in action, charges and contract rights as against the Cossa's [sic] and as against Metropolis, its officers, directors and agents to and in conjunction with the sale of real estate commenced on or about October 21, 2005 ..." The Weindells did not own the Property at the time of the Assignment.

On October 26, 2007, Adams filed her Petition against the Cossas alleging misrepresentations in connection with the sale of the Property (Count I) and against Metropolis asserting the breach of an alleged implied warranty in the Pre–Inspection Agreement (Count II). Adams alleged that in March 2006, she and her parents discovered various plumbing and electrical problems with the Property and claimed damages consisting of a sum they will be required to expend to repair those problems. Adams subsequently amended her Petition to join her parents, the Weindells, as Plaintiffs.

The trial court found and concluded that the Weindells lacked standing to bring any claim against Defendants because they were not the real parties in interest, and that they had no claim or cause of action to assign to Adams because they had trans-

---

**2.** We note that the Cossas' Motion for Summary Judgment failed to comply with Rule 74 of the Missouri Rules of Civil Procedure, in that they failed to submit a Statement of Undisputed Material Facts in conjunction with their motion. Generally, failure to comply with the rule warrants a trial court's denial of the motion and an appellate court's reversal of the grant of summary judgment; however, where the issues are clear, the material facts are not disputed, and the question presented is one of law, we prefer to address the motion on the merits. *Premier Golf Mo., LLC v. Staley Land Co., LLC*, 282 S.W.3d 866, 872 (Mo. App. W.D.2009).

ferred ownership of the Property to Adams before the purported assignment. It therefore concluded that the assignment was void, granted Defendants' Motions for Summary Judgment, and entered judgment in favor of Defendants and against Plaintiff.

Thereafter, Plaintiffs filed a Motion to Reconsider Order Granting Summary Judgment and Motion to Compel Settlement. The trial court denied the Plaintiffs' Motion to Reconsider on January 29, 2009. Plaintiffs timely filed their Notice of Appeal on February 9, 2009. This appeal follows.

## Points on Appeal

On appeal, Plaintiffs claim the trial court erred in granting summary judgment in favor of Defendants because: 1) as a matter of law and undisputed fact, Adams was the assignee of all of Weindells' right, title and interest in a cause of action representing a claim for damages to real property based on misrepresentation, which claim and cause was freely assignable by the Weindells to Adams either before or after the Weindells conveyed the real property, and therefore Adams had the standing to bring this action; and 2) even assuming that the assignment of claims was void as found by the trial court, said assignment was void for all purposes and the Weindells remained proper parties, with standing, to pursue claim of misrepresentation in the sale of the property.

## Standard of Review

We review de novo a grant of summary judgment, considering the record in the light most favorable to the nonmovant. *ITT Commercial Fin. v. Mid–America Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). The moving party has the burden to establish a legal right to judgment flowing from facts about which there is no genuine dispute. *Id.* at 378.

Where, as here, the moving parties are defendants, they may establish a right to judgment by showing: 1) facts that negate any one of the plaintiffs' elements facts, 2) that the non-moving parties, after an adequate period of discovery, have not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any one of the plaintiffs' elements, or 3) that there is no genuine dispute as to the existence of each of the facts necessary to support the moving parties' properly-pleaded affirmative defense. *Id.* at 381. In instances where the facts underlying this right to judgment are beyond dispute, summary judgment is proper. *Id.*

## Discussion

■ In their first point, Plaintiffs claim that the trial court erred in granting summary judgment in favor of Defendants because as a matter of law and undisputed fact, Adams had standing to bring this action because she was the assignee of all of the Weindells' right, title and interest in a cause of action representing a claim for damage to real property based on misrepresentation, which claim and cause was freely assignable by the Weindells to Adams either before or after the Weindells conveyed the real property.

■ "Reduced to its essence, standing roughly means that the parties seeking relief must have some personal interest at stake in the dispute, even if that interest is attenuated, slight, or remote." *Crumbaker v. Zadow*, 151 S.W.3d 94, 96 (Mo.App. E.D.2004), *quoting Ste. Genevieve Sch. Dist. R–II v. Board of Aldermen of Ste. Genevieve*, 66 S.W.3d 6, 10 (Mo. banc 2002). Alleging a threatened or actual injury caused by a challenged action satisfies this personal interest requirement.

*Crumbaker,* 151 S.W.3d at 96. Standing is determined as a matter of law based on the petition and other non-contested facts accepted as true by the parties at the time of the standing challenge. *Id.*

As noted, the trial court found and concluded that the Weindells lacked standing to bring any claim against Defendants because they were not the real parties in interest, and that they had no claim or chose in action to assign to Adams because they had transferred ownership of the Property to Adams before the purported assignment. Defendants continue to assert the argument that, because the Weindells were no longer owners of the Property and had no present interest at the time they executed the assignment to Adams, the Weindells had no claim to assign.

■ An assignee steps into the shoes of its assignor; it acquires no greater rights than those held by the assignor at the time of the assignment. *Carlund Corp. v. Crown Ctr. Redevelopment,* 849 S.W.2d 647, 650–51 (Mo.App. W.D.1993). Defendants vigorously urge that, because the Weindells assigned their claim after they had already transferred the property to Adams with knowledge by both the Weindells and Adams of the Property's defects, the Weindells had no claim to assign. We disagree.

Because the Weindells' cause of action arose out of alleged fraudulent misrepresentations Defendants made during the sale of the Property, the Weindells could have prosecuted this claim even after they transferred the property, as long as the suit was commenced within the applicable statute of limitations. *See DeBow v. Higgins,* 425 S.W.2d 135 (Mo.1968) (plaintiffs purchased motel and service station in reliance on material and false statements made with the intention that plaintiffs should rely on the truth of the statements; where plaintiffs brought their action for damages arising out of the alleged fraudulent misrepresentations after they resold the property, original seller was liable in damages to plaintiffs for the difference between the value of the property as represented and the actual value of the property at the time of the original sale).

■ Where a cause of action at law in tort suits for damages could or would survive the death of an assignor, it is assignable. *Emmendorfer v. Crader Tire Retread Serv., Inc.,* 670 S.W.2d 548, 549 (Mo.App. E.D.1984). An individual can purchase a cause of action at law and enforce all the legal rights which go with it. *Id.*

■ Furthermore, a cause of action, even an unliquidated tort claim, is assignable if the claim would survive to the personal representative. *Eastern Atl. Transp. & Mech. Eng'g, Inc. v. Dingman,* 727 S.W.2d 418, 423 (Mo.App. W.D.1987). In *Eastern,* an attorney acting as escrow agent failed to pay his client's original creditor money owed under a note secured by a 1976 letter of credit and failed to present the letter of credit to the bank before the letter's January 1978 expiration date. *Id.* at 421. The original creditor's claim was thereafter assigned, and an action was commenced in 1982, based on the escrow agent's failure to collect and distribute the letter of credit to the original creditor. *Id.* On appeal, the escrow agent argued, among other thing, that Eastern's punitive damage claim could not be assigned because it was an unliquidated tort claim. *Id.* at 423. The Western District, after determining that Eastern had alleged an independent tort of breach of fiduciary duty in order to seek punitive damages, rejected this argument and held that the unliquidated tort claim was assignable because it would survive to the personal representative. *Id.* We likewise conclude that the Weindells' unliquidated misrepresenta-

tion claim would survive to a personal representative and thus was assignable to Adams when they executed the assignment.

 Having held that the Weindells had an assignable cause of action, we need only to determine whether the assignment to Adams was effective. Language demonstrating an intention to clearly and unconditionally transfer a cause of action can operate as assignment. *Eastern Atl. Trans. & Mech. Eng'g, Inc.*, 727 S.W.2d at 421–22. We conclude that the assignment to Adams demonstrated the requisite intent. Accordingly, the trial court erred in finding and concluding that the assignment was void.

In light of our analysis and disposition concerning, we need not address Plaintiffs' second point.

As a matter of law and undisputed fact, Adams had standing to bring this action as she was the assignee of all of Weindells' right, title and interest in a cause of action representing a claim for damages to real property based on misrepresentation. The trial court erred in granting summary judgment in favor of Defendants. Plaintiff's first point is granted.

### Conclusion

The trial court's grant of summary judgment is reversed and the cause remanded to the trial court for a hearing on the remaining cause of action.

PATRICIA L. COHEN, J., and KURT S. ODENWALD, J., concur.